[Civ. No. 37728. Second Dist., Div. Three. Mar. 31, 1971.]

FORD MOTOR COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ARCHIE GRANT, Real Party in Interest.

[Civ. No. 37794. Second Dist., Div. Three. Mar. 31, 1971.]

MURPHY LINCOLN-MERCURY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ARCHIE GRANT, Real Party in Interest.

(Two Cases.)

444

## COUNSEL

Dryden, Harrington & Swartz, Peter Abrahams, Morgan, Wenzel & Mc-Nicholas and John P. McNicholas for Petitioners.

No appearance for Respondent.

Magana & Cathcart, John E. Pierovich, Frederick J. Lower, Jr., and Richard A. Vachon for Real Party in Interest.

**OPINION**

**FEINERMAN, J.**[*]—Petitioners seek a writ of mandate to compel respondent to set aside its order of December 18, 1970 granting the motion of real party in interest Archie Grant (hereinafter designated as Grant) to strike the sixth affirmative defense in petitioner Ford's second amended answer (collateral estoppel)[1] and the fifth, sixth, seventh and eighth affirmative defenses (retraxit, res judicata, and collateral estoppel) in the amended answer of petitioner Murphy Lincoln-Mercury (hereinafter designated as Murphy).

For the reasons hereinafter set forth, we have determined that the relief sought by Ford should be granted and that the respondent also should be required to reinstate Murphy's eighth affirmative defense of collateral estoppel. We further conclude that the respondent acted correctly in striking the alleged affirmative defenses of retraxit and res judicata asserted by Murphy.

On January 15, 1966, Grant collided with a guard rail and sustained personal injuries while driving his 1965 Mercury automobile on Route 86 in Imperial County. On July 15, 1966, the State of California, acting through the Department of Public Works, filed an action against Grant in the Superior Court of Imperial County to recover damages for the demolished guard rail. Grant filed an answer in pro. per. on September 21, 1966, denying the charging allegations of the complaint and asserting the affirmative defense of unavoidable accident. On November 9, 1966, Grant filed a complaint for personal injuries against the petitioners in the Superior Court of Los Angeles County. The complaint sets forth three causes of action, two rooted in negligence, and one based upon strict liability (alleging that the automobile manufactured by Ford and sold and delivered by Murphy contained a defective power steering unit). Murphy filed an answer to the complaint on February 20, 1967, and Ford filed its answer on April 20, 1967.

The Imperial County action was set for trial on June 8, 1967. Notice of the trial was served on Grant and on the Los Angeles law firm of Greenberg and Rinkwich[2] on December 22, 1966. On June 8, 1967, after a

---

[*]Assigned by the Chairman of the Judicial Council.

[1]Petitioner Ford also asserted the affirmative defenses of retraxit and res judicata in the trial court, but it has not sought reinstatement of said defenses in its petition filed with this court.

[2]Although Greenberg and Rinkwich are designated as attorneys for Grant on various documents in the file of the Imperial County action, it does not appear that they ever made a written appearance as attorneys of record.

hearing at which one witness was sworn and certain exhibits received in evidence, a judgment was awarded to the State of California in the amount of $653.55, plus costs and attorneys' fees in the amount of $250.00. On June 15, 1967, the judgment was entered in favor of the State of California in the total amount of $941.40.

On August 20, 1970, Murphy's motion for leave to file an amended answer asserting the additional affirmative defenses of retraxit, res judicata and collateral estoppel was granted by respondent. A similar motion made by Ford was granted on November 13, 1970. That same day (November 13, 1970) petitioners' joint motions for summary judgment based on the affirmative defenses of retraxit, res judicata and collateral estoppel were denied by respondent. Thereafter, on December 1, 1970, Grant moved to strike those portions of the amended answers of the petitioners containing the affirmative defenses of retraxit, res judicata and collateral estoppel. The motion was made on the grounds that "these issues were decided by way of denying the joint motion of the defendants for summary judgment on the grounds of Retraxit, Res Judicata and Collateral Estoppel." On December 18, 1970, the motion to strike was granted by the respondent.

■ Code of Civil Procedure section 453 provides as follows: "Sham and irrelevant answers, and irrelevant and redundant matter inserted in a pleading, may be stricken out, upon such terms as the Court may, in its discretion, impose." Pursuant to this section, an answer which on its face states a good defense may be shown by extrinsic evidence (usually affidavits or declarations) to be false or sham. As the court stated in *White Lighting Co.* v. *Wolfson,* 68 Cal.2d 336, 353 [66 Cal.Rptr. 697, 438 P.2d 345], "The motion to strike has traditionally been, and should continue to be, invoked to attack defects not apparent upon the face of the pleading." ■ However, this power to strike is necessarily a limited one. The court does not decide the issues but only determines whether issues exist under pleadings offered in good faith. The answer will not be stricken if the defendant files an affidavit or declaration in support of his pleaded defense. (*Gostorfs* v. *Taaffe, McCahill & Co.,* 18 Cal. 385, 387; *Greenbaum* v. *Turrill,* 57 Cal. 285, 291-292; 2 Witkin, Cal. Procedure (1954) § 515, p. 1508.)

■ A different situation is presented when a motion is made to dismiss, as sham, a pleading which is good on its face, supported by facts outside the pleading. A court should treat this motion as one for summary judgment and decide it on the basis of the requirements of Code of Civil Procedure section 437c. (*Pianka* v. *State of California,* 46 Cal.2d 208, 211-212 [293 P.2d 458]; *Triodyne, Inc.* v. *Superior Court,* 240 Cal.App.2d 536, 542 [49 Cal.Rptr. 717].) A motion for summary judgment, although more demanding in its requirements than a motion to strike, has a broader reach: it may

weed out groundless defenses, even those made in good faith, by compelling the defendant to disclose the facts. (For a comparison of the efficacy of a motion to strike under Code Civ. Proc., § 453 vis-à-vis a motion for summary judgment under Code Civ. Proc., § 437c, see 39 Cal.L.Rev. 307; 2 Stan. L.Rev. 190; and 2 Wiktin, Cal. Procedure (1954) § 76, p. 1712.)

In the instant case, Grant based his motion to strike on the declarations filed in opposition to the petitioners' motions for summary judgment and on the respondent court's action in denying the motions for summary judgment. It is not clear from the record whether the respondent court deemed Grant's motion to strike as a motion to strike under Code of Civil Procedure section 453 or as a motion for partial summary judgment under Code of Civil Procedure section 437c (to eliminate certain defenses as issues at time of trial).

■ It is our conclusion that the respondent properly granted the motion to strike the alleged affirmative defenses of retraxit and res judicata, but it erred in granting the motion to strike the defenses of collateral estoppel. If we assume that the respondent deemed Grant's motion as being made under Code of Civil Procedure section 437c, the declarations filed with the trial court are still not sufficient to show that the affirmative defenses of collateral estoppel are sham, false in fact, or insufficient as a matter of law. To the contrary, a triable issue exists which should be resolved by the weighing procedures of a trial.

The judgment rendered against Grant in Imperial County did not constitute a retraxit. Code of Civil Procedure section 439 provides: "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." Where separate causes of action, whether for personal injury or for property damage, arise out of an automobile accident, the accident may be said to be the "transaction" out of which the cause arose within the meaning of section 439. This statute applies not only to claims which actually have been litigated, but also to any claim which could have been asserted as a counterclaim arising out of the transaction on which the complaint in the prior action was founded. (*Datta* v. *Staab,* 173 Cal.App.2d 613, 620 [343 P.2d 977].) It is obvious that section 439 is not applicable in this case since Murphy was not the plaintiff nor in privity with the plaintiff in the Imperial County action and, therefore, the parties would not be subject to the compulsory counterclaim rule.

The doctrine of res judicata has a double aspect. In a new action on the same cause of action, a prior judgment for the defendant is a complete bar.

In a new action on a different cause of action, the former judgment is not a complete bar, but it is effective as a collateral estoppel, i.e., it is conclusive on issues actually litigated between the parties in the former action. Inasmuch as this action is not the same cause of action as People of the State of California v. Grant, there can be no claim that the Imperial County action is a complete bar to this action under a plea of res judicata. At most, we are concerned with the conclusiveness of a prior determination of a particular issue—the negligence of Archie Grant. (*Solari* v. *Atlas-Universal Service, Inc.,* 215 Cal.App.2d 587, 592-593 [30 Cal.Rptr. 407].) Inasmuch as each of the petitioners has asserted a specific defense of collateral estoppel, the respondent acted properly in striking the alleged affirmative defenses of res judicata.

■ In determining the validity of a plea of collateral estoppel, three questions are pertinent: (1) was the issue decided in the prior adjudication identical with the one presented in the action in question; (2) was there a final judgment on the merits; (3) was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439]; *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892].)

■ Here, the petitioners contend that the issue of Grant's negligence was necessarily involved and determined in People of the State of California v. Grant; the judgment became final; and Grant was the defendant in the prior action. Grant claims that the issue decided in the prior adjudication was not identical with the one present in this case, that there was no final judgment on the merits because the judgment of the Imperial County court was by default, that contributory negligence would ordinarily not be a bar to his cause of action for strict liability, and that the application of collateral estoppel to this case would work an injustice and hardship upon him.

In the light of our examination of the declarations of the parties, there exists a triable issue of fact. ■ "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show facts sufficient to present a triable issue of fact." (*Slobojan* v. *Western Travelers Life Ins. Co.,* 70 Cal.2d 432, 436-437 [74 Cal.Rptr. 895, 450 P.2d 271].) ■ The "purpose of the summary judgment procedure is *not to try the issues,* but merely to determine *whether there are issues to be tried.*" (*Orser* v. *George,* 252 Cal.App.2d 660, 669 [60 Cal.Rptr. 708].) (Italics by the court.)

In this case, a trial court should determine, after a full evidentiary

hearing, whether the requirements for the doctrine of collateral estoppel are present, and if so, whether the application of the doctrine of collateral estoppel, even if all the requirements are present, would countenance an injustice. (*Timmsen* v. *Forest E. Olson, Inc.,* 6 Cal.App.3d 860, 870 [86 Cal.Rptr. 359]; *United States Fire Ins. Co.* v. *Johansen,* 270 Cal.App.2d 824, 834 [76 Cal.Rptr. 174, 780].)

In resolving these issues, the parties may wish to exercise their right to request a trial of the special defense of collateral estoppel pursuant to the provisions of Code of Civil Procedure section 597.

The alternative writ of mandate heretofore issued is discharged. The demurrers of the real party in interest Archie Grant are overruled. Let a peremptory writ of mandate issue requiring respondent court to reinstate the sixth affirmative defense of collateral estoppel in petitioner Ford's second amended answer and the eighth affirmative defense of collateral estoppel in the amended answer of petitioner Murphy Lincoln-Mercury.

Ford, P. J., and Allport, J., concurred.