[Civ. No. 28100. First Dist., Div. Three. Mar. 7, 1972.]

EUGENE L. TURNER et al., Plaintiffs and Appellants, v. COUNTY OF DEL NORTE, Defendant and Respondent.

## COUNSEL

Michael T. Hennessy and Jack Halpin for Plaintiffs and Appellants.

William W. Speer, County Counsel, for Defendant and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an appeal from a judgment for defendant County of Del Norte in an inverse condemnation action in which plaintiffs sought damages for a loss of use of their property by reason of the enactment of a county flood plain ordinance.

Appellants instituted this class action for themselves and for all other owners of lots in a subdivision near the town of Klamath in Del Norte County alleging that the zoning of their property amounted to a taking without compensation. The parties stipulated that the trial be bifurcated. The court was presented with the limited issue of whether there was a

taking, and the issue of damages, if any, was reserved for a later proceeding.

The trial court rendered judgment for the County of Del Norte and held that the county was acting within the scope of its police power in enacting the flood plain zoning ordinance and that there was no taking of appellants' property. The sole question presented on appeal is the propriety of this ruling.

Appellant is the owner subdivider of approximately 31 acres of land on the bank of the Klamath River, 4 miles from the town of Klamath, Del Norte County, California. The subdivision map was given final approval by the county board of supervisors in June 1964 with a notation on the map that the land was subject to flooding. By late December 1964, plaintiff had sold 21 of his 143 lots, constructed roads and a water system, and erected one building for use as an office and model home.

Beginning on December 22, 1964, the lower reaches of the Klamath River were subjected to severe flooding. At the peak of the flood, the main channel of the river flowed directly across appellants' property and everything there was swept away. The land surface was eroded, lowering the area, and making it even more susceptible to flooding than before. The entire Klamath townsite four miles downstream was destroyed.

This was the fourth time since 1927 that the area was flooded. The appellants' land was partially flooded in 1953 and 1927 and was completely covered by flood waters in 1955 and 1964. A county supervisor testified that due to the changes in appellants' land resulting from the 1964 flood, floods like those in 1953 and 1927 would cover the area completely. He further testified that after the 1964 flood, it became obvious that flood control measures would have to be taken. A United States Army Corps of Engineers (hereafter Corps) flood control project for the lower Klamath River recommended a plan which involved moving the town of Klamath to a higher location on fill, constructing a levee to protect the existing site of Klamath Glen inland of the appellants' property and regulating flood plain use in the rest of the valley. Certain local assurances from the County of Del Norte were required in connection with the Corps' project. Among these requirements were assurances to "[p]rovide without cost to the United States all lands, easements, and rights-of-way necessary for construction and functioning of the project; . . . manage the historical flood plain within the eight-and-one-half mile reach above the mouth of the Klamath River . . . [p]revent any encroachment on the . . . flood plain management areas which might interfere with the proper functioning of the project, lessen its beneficial effects, or reduce its design capacity; . . ."

Initially it was believed that compliance with the above requirements would necessitate the obtaining of flowage easements. The Corps' position was that flood plain management by easement rather than zoning was superior because of its relative permanency since zoning could be amended or repealed. The California Department of Water Resources took the position that the county ordinance and resolution would provide sufficient control, particularly in view of state laws requiring flood plain regulation of project lands as a condition to state financial assistance on flood control projects.[1] The Corps agreed to accept the zoning ordinances as adequate flood plain management, allowing plans for the project to proceed.

The zoning regulations referred to above had been adopted initially on April 12, 1965, and made permanent on January 24, 1966. The ordinance prohibited permanent residences and commercial or public buildings in an area designated F.P.1, an area in which appellants' land is located.[2] Uses permitted by the ordinance in F.P.1 areas include "Public Parks and Recreation developments, Boating Facilities, Campgrounds, and Trailer Parks operated on a seasonal basis between the months of May and November inclusive." Agricultural uses are also permitted.

There was testimony that the extent of the F.P.1 area and the details of the ordinance were determined by Corps requirements but that certainly the area of appellants' land would have been zoned in any event because of the need to protect people and property from flooding.

■ We have concluded from the evidence that the zoning ordinance prohibiting certain types of buildings in the area and limiting the use to parks, recreation and agricultural uses did not constitute an unlawful taking of appellants' property and was, in fact, properly enacted within the police power of the Board of Supervisors of Del Norte County.

Zoning regulations have long been recognized as a valid exercise of the police power. The power and standards of the courts on review of an exercise of the police power in the form of a zoning ordinance was reviewed by the court in *Spindler Realty Corp.* v. *Monning,* 243 Cal.App.2d 255 [53 Cal.Rptr. 7].

It is clear that there was sufficient testimony of the reasonableness of the ordinance in relation to the promotion of health, safety or general welfare and prosperity of the community. (See *Flood Control Via Police Power,* 107 U.Pa.L.Rev. 1098.)

[1] The Cobey-Alquist Flood Plain Management Act (§§ 8400-8415 of the Wat. Code enacted in 1965).

[2] It was stipulated that the proposed zoning was comprehensive within its boundaries and applied to approximately 2,200 acres. The zoning applied alike in its restrictions to all of the area. Thus, there was no contention of "spot" zoning.

There was also evidence of a frequency of flooding which would almost certainly eventually destroy any permanent residences built on this land and endanger the lives and health of the occupants and, further, that buildings in the flood plain property would increase flood heights which could conceivably increase the hazard to other buildings away from the zoned area.

The zoning ordinance in question imposes no restrictions more stringent than the existing danger demands. Respondents may use their lands in a number of ways which may be of economic benefit to them.

Despite the conclusion that the zoning ordinance is valid as a reasonable exercise of the police power, the appellants would still be entitled to compensation if there was a taking of their property. The government may not actually take an easement in a person's lands by designating that taking as a zoning ordinance, or take private property without compensation regardless of how that property is zoned.

It is appellants' contention that the county took a flowage easement over the property. *The record before us, however, does not support this contention. The evidence that bears on the subject is to the contrary.* The flood control project will not increase significantly the extent to which appellants' lands would be inundated in a future flood.

The lack of evidence that the zoning ordinance would increase the flow of flood waters over appellants' land so as to constitute an easement distinguishes the instant case factually from the cases cited by appellants, i.e., *Sneed* v. *County of Riverside,* 218 Cal.App.2d 205 [32 Cal.Rptr. 318]; *Peacock* v. *County of Sacramento,* 271 Cal.App.2d 845 [77 Cal.Rptr. 391]; and *Beckley* v. *Reclamation Board,* 205 Cal.App.2d 734 [23 Cal.Rptr. 428].

The judgment is affirmed.

Draper, P. J., and Caldecott, J., concurred.