38 Cal.App.3d 303 (1974)
112 Cal. Rptr. 919
VINCENT GISLER et al., Plaintiffs and Appellants,
v.
COUNTY OF MADERA, Defendant and Respondent.
Docket No. 1862.
Court of Appeals of California, Fifth District.
March 29, 1974.
*305 COUNSEL
Gendron & Gendron and Lester J. Gendron for Plaintiffs and Appellants.
Roy E. Wolfe, County Counsel, for Defendant and Respondent.
OPINION
BROWN (G.A.), P.J.
In this action in inverse condemnation the several appellants[1] seek to recover damages from the County of Madera (hereinafter "County") by reason of the operation of an ordinance zoning their agricultural lands "ARV-20";[2] the zoning ordinance effectively prevents the appellants, and each of them, from using or selling two-and-one-half-acre residential lots delineated on a subdivision map recorded in 1913.
The appellants are owners of land in Madera County east of Highway 99 on the San Joaquin Valley floor. All of the property is devoted exclusively to agricultural use, as are the surrounding areas, and none of the parcels owned by the individual appellants is less than 18 acres in area.
All of the property involved is located within the perimeter of a "paper" subdivision denoted Sharon Farms Subdivision 3, which was duly recorded on September 11, 1913 (corrected Oct. 3, 1913). The map delineates two-and-one-half-acre parcels for residential purposes. Notwithstanding the recordation of the map, the lands have continued to be devoted exclusively to agricultural uses. No residential buildings are constructed thereon, none of the streets has been developed, and no money has been expended to convert the property to a residential subdivision.
Pursuant to a general plan established by the County, on July 13, 1965, it duly adopted ordinance No. 298, which zoned appellants' property "ARV-20." The ordinance provides for exclusive agricultural use of the lands and prohibits sale of parcels of less than 18 acres.
*306 The trial of the cause was before the court, without a jury. (1a) Judgment, which was entered May 15, 1972, denied damages to the appellants and found, among other things, that the adoption of ordinance No. 298 was a lawful exercise of the police power of the County and injury to appellants, if any, is not compensable. We agree.
In Hill v. City of Manhattan Beach (1971) 6 Cal.3d 279, 285 [98 Cal. Rptr. 785, 491 P.2d 369], the Supreme Court recently said: "`The constitutionality of the principle of zoning is no longer an open question, and a restrictive regulation in this field pursuant to a municipality's comprehensive and systematic plan of community development, when reasonable in object and not arbitrary in operation, will be sustained as within the legitimate exercise of the police power. [Citations.]' [Citation.] Zoning ordinances which nevertheless are unreasonable, arbitrary or discriminatory in their application to particular properties will be held not applicable on constitutional grounds. [Citation.]"
(2) Every intendment is in favor of the validity of the exercise of the police power, and, even though a court may differ from the determination of the legislative body, if there is reasonable basis for the belief that the zoning has a substantial relation to public health, safety, morals or general welfare the zoning measure will be deemed to be within the purview of the police power. (Consolidated Rock Products Co. v. City of Los Angeles (1962) 57 Cal.2d 515, 520-523 [20 Cal. Rptr. 638, 370 P.2d 342]; Clemons v. City of Los Angeles (1950) 36 Cal.2d 95, 98-99 [222 P.2d 439]; Wilkins v. City of San Bernardino (1946) 29 Cal.2d 332, 338-339 [175 P.2d 542]; Town of Los Altos Hills v. Adobe Creek Properties, Inc. (1973) 32 Cal. App.3d 488 [108 Cal. Rptr. 271].)
In certain factual situations it is difficult to draw a precise line between a noncompensable injury resulting from the enactment of a valid regulation under the police power (Goldblatt v. Hempstead (1962) 369 U.S. 590, 593 [8 L.Ed.2d 130, 133, 82 S.Ct. 987, 989]; Holtz v. Superior Court (1970) 3 Cal.3d 296, 305 [90 Cal. Rptr. 345, 475 P.2d 441]; Albers v. County of Los Angeles (1965) 62 Cal.2d 250, 262 [42 Cal. Rptr. 89, 398 P.2d 129]; Sheffet v. County of Los Angeles (1970) 3 Cal. App.3d 720, 732 [84 Cal. Rptr. 11]) and regulations which are beyond the limits of the police power and can only be justified as a "taking" under the power of eminent domain which requires just compensation (Peacock v. County of Sacramento (1969) 271 Cal. App.2d 845, 858-859 [77 Cal. Rptr. 391]; Sneed v. County of Riverside (1963) 218 Cal. App.2d 205, 209-211 [32 Cal. Rptr. 318]. See also People ex rel. Dept. Pub. Wks. v. Southern Pac. Trans. Co. (1973) 33 Cal. App.3d 960, 965-966 [109 Cal. Rptr. 525]; *307 Turner v. County of Del Norte (1972) 24 Cal. App.3d 311, 315 [101 Cal. Rptr. 93].) (1b) The facts in the case at bench, however, take it outside the borderline area and clearly render the County's zoning ordinance reasonable in object, not arbitrary in operation, and a proper exercise of the police power (Clemons v. City of Los Angeles, supra, 36 Cal.2d 95, 98-99).[3]
California legislative policy strongly favors the preservation of open spaces and agricultural zoning (Gov. Code, §§ 65850, subd. (a), 65910, 65560, subds. (b) (2) to 65570). Moreover, exclusive zones have been upheld in similar contexts, including agricultural zones (McCarthy v. City of Manhattan Beach (1953) 41 Cal.2d 879, 890 [264 P.2d 932] (exclusive beach recreational zone); Roney v. Board of Supervisors (1956) 138 Cal. App.2d 740, 743-746 [292 P.2d 529] (exclusive industrial zone); Consolidated Rock Products Co. v. City of Los Angeles, supra, 57 Cal.2d 515, 532-533 (prohibition of rock and gravel operations in agricultural-residential zone upheld); Mang v. County of Santa Barbara (1960) 182 Cal. App.2d 93, 98 [5 Cal. Rptr. 724] (prohibition of trailer park and gas station in agricultural zone upheld); Paramount Rock Co. v. County of San Diego (1960) 180 Cal. App.2d 217, 225 [4 Cal. Rptr. 317] (ordinance zoning land for agriculture and prohibiting a rock crushing plant upheld); Sladovich v. County of Fresno (1958) 158 Cal. App.2d 230, 240-241 [322 P.2d 565] (zoning of land to rural residential and agricultural upheld, even though partly surrounded by industrial zones.)
While there is apparently no case directly passing upon exclusive agricultural zoning with a minimum 18-acre parcel size, most zoning ordinances provide for minimum lot sizes and they have been held valid. (Gov. Code, § 65850, subd. (c); Clemons v. City of Los Angeles, supra, 36 Cal.2d 95, 102 (a minimum lot size in a C-2 zone).)
In Morse v. County of San Luis Obispo (1967) 247 Cal. App.2d 600 [55 Cal. Rptr. 710], the county zoned rural property located in the area of small farms A-1-5, a classification which requires a minimum lot size of five acres for a single family dwelling. In holding that the ordinance *308 was not a property-taking device but a regulation of the uses of land within the police power, the court said: "Absent any showing to the contrary, we are entitled to presume that the decision of the county to preserve the agricultural nature of the area and to deny an intensification of habitation near the airport was a reasonable exercise of the zoning power designed to prevent urban sprawl and to forestall the development of residential zones in areas of the county susceptible to excessive noise or above-average hazards. [Citation.]" (At p. 603.)
In the present case the property always has been and still is used for agricultural purposes, as is all the property in the surrounding area. The County, in the exercise of its sound discretion, impliedly determined that the minimum 18-acre parcel size is necessary in aid of the preservation of the agricultural character of the area, and since that is a question upon which reasonable minds might differ, there should be no judicial interference with the legislative determination. (Clemons v. City of Los Angeles, supra, 36 Cal.2d 95, 98-99.)
Appellants' contention that the exception from the operation of the ordinance of parcels of less than 18 acres which existed at the time the ordinance became effective renders it discriminatory and invalid is meritless. (Hill v. City of Manhattan Beach, supra, 6 Cal.3d 279, 286; County of San Diego v. McClurken (1951) 37 Cal.2d 683, 686 [234 P.2d 972].)
We therefore conclude that zoning ordinance No. 298 was validly enacted and a proper exercise of the police power.
(3a) Appellants urge that the preexisting 1913 recordation of the subdivision gave them a vested right to use and sell 2 1/2 acre parcels of their property for residential purposes, and that upon passage of zoning ordinance No. 298, establishing minimum 18-acre parcel sizes, they were unconstitutionally deprived of a vested property right.
We first observe that the mere fact that the appellants may have suffered some damage by reason of the enactment of the valid zoning ordinance does not entitle them to compensation. (4) "Public entities are not bound to reimburse individuals for losses due to changes in zoning, for within the limits of the police power `some uncompensated hardships must be borne by individuals as the price of living in a modern, enlightened and progressive community.'" (Morse v. County of San Luis Obispo, supra, 247 Cal. App.2d 600, at pp. 602-603. See also Euclid v. Ambler Realty Co. (1926) 272 U.S. 365 [71 L.Ed. 303, 47 S.Ct. 114, 54 A.L.R. 1016]; Consolidated Rock Products Co. v. City of Los Angeles, supra, *309 57 Cal.2d 515, 520-532; Clemons v. City of Los Angeles, supra, 36 Cal.2d 95, 99; City of Los Angeles v. Gage (1954) 127 Cal. App.2d 442, 453 [274 P.2d 34].)
(3b) If actual construction had occurred in the subdivision or expenditures of money had been made, there would be definite limitations upon the application and operation of the subsequently enacted zoning ordinance. (Jones v. City of Los Angeles (1930) 211 Cal. 304, 309-321 [295 P. 14]; Anderson v. City Council (1964) 229 Cal. App.2d 79, 88-89 [40 Cal. Rptr. 41]; City of Los Angeles v. Gage, supra, 127 Cal. App.2d 442, 453-454.)
However, in the absence of expenditure of funds or improvement of the subdivision properties, appellants acquired no vested right by the mere recordation of the subdivision map. Accordingly, the limitations prescribed by the subsequent zoning ordinance control. (Anderson v. City Council, supra, 229 Cal. App.2d 79, 88-99.) (5) As was said in Kappadahl v. Alcan Pacific Co. (1963) 222 Cal. App.2d 626, 633-634 [35 Cal. Rptr. 354]: "The filing of a map showing streets, lots and blocks in no way prevents a county under its zoning power from changing the zoning uses nor from permitting a property owner to use his property for road purposes, provided, of course, he brings himself within the provisions of the applicable zoning ordinance.
"... The zoning and planning sphere does not derive from the proprietary interests of the county. It is an independent power. (Gov. Code, § 65800 et seq.) To hold that the county could be estopped from performing this function by the filing of a map would be to fly in the face of an express statutory grant. The simple act of filing a map would destroy the power of the planning commission, the zoning board and the local legislative body to ever permit the use of land for purposes other than those specified on the map, or as zoned at the time the map was filed. The uses to which a parcel could be put would be irrevocably fixed for all time. [Citation.] There is no indication in the Subdivision Map Act (Bus. & Prof. Code, § 11500 et seq.) that such a result was intended by the Legislature." (See also Hill v. City of Manhattan Beach, supra, 6 Cal.3d 279, 285-286; Roney v. Board of Supervisors, supra, 138 Cal. App.2d 740, 742-743; 43 Ops.Cal.Atty.Gen. 144.)
(3c) Accordingly, there is no merit to appellants' argument that they were deprived of a vested right by the enactment of the zoning ordinance.
Inasmuch as this determination disposes of the case, we need not treat *310 the County's contentions that appellants failed to exhaust their administrative remedy and to meet their burden of proof as to damages. Likewise, the remaining contentions of appellants need not be discussed.
The purported appeal filed by Alvin Gisler and Haig Berberian is dismissed.
The judgment is affirmed.
Gargano, J., and Franson, J., concurred.
NOTES
[1] At the pretrial the court ordered the action dismissed as to the plaintiffs Alvin Gisler and Haig Berberian. Nevertheless, the judgment and notice of appeal include these two plaintiffs. Because the action as to them has been dismissed, the judgment as to them is void and their purported appeals should be dismissed.
[2] "ARV-20" in zoning parlance is defined as, "agricultural, rural valley, 20-acre district."
[3] In an action numbered 14991 in the Superior Court of Madera County, which was concluded before the cause at bench was commenced, the superior court held that zoning ordinance No. 298 was duly and legally adopted. That judgment is final. The County asserts that the finding of the validity of the zoning ordinance operates as a collateral estoppel against all of the parties in the case at bench. While that is undoubtedly true as to the three parties who are common to both actions (Ford Motor Co. v. Superior Court (1971) 16 Cal. App.3d 442, 448 [94 Cal. Rptr. 127]), as to the seven parties to this action who were not parties to action No. 14991, the former judgment does not operate as a collateral estoppel. It is therefore necessary to decide on this appeal the issue of the validity of the ordinance.