[Civ. No. 37819. First Dist., Div. Four. June 30, 1976.]

FRANK PINHEIRO et al., Plaintiffs and Appellants, v.
COUNTY OF MARIN, Defendant and Respondent.

COUNSEL

A. Brooks Berlin and Edward J. Boessenecker for Plaintiffs and Appellants.

Douglas J. Maloney, County Counsel, and Robert H. San Chez, Deputy County Counsel, for Defendant and Respondent.

OPINION

**CALDECOTT, P. J.**—The Pinheiros appeal from a judgment of dismissal entered, in favor of respondent County of Marin, following the granting of a demurrer without leave to amend.

 Appellants contend that their complaint states a viable cause of action in inverse condemnation. They argue that the rezoning of their property was for the purpose of acquiring open space at no cost to the county, and that the effect of the ordinance was the taking of an interest in the property as open space, for which compensation is due.

Appellants acknowledge that a mere reduction in the value of property resulting from a down-zoning ordinance does not create a compensable injury, and inverse condemnation therefore does not lie in such situations. (*HFH, Ltd.* v. *Superior Court,* 15 Cal.3d 508 [125 Cal.Rptr. 365, 542 P.2d 237].) Appellants do *not* allege that their property has no remaining reasonably beneficial use; rather, they claim that the property had a market value of $960,000 prior to the rezoning, and that the "interest taken" is valued at $750,000. Of course, appellants did not have, nor do they claim, any vested right in the previous zoning classification. (*Morse* v. *County of San Luis Obispo,* 247 Cal.App.2d 600 [55 Cal.Rptr. 710].) Appellants do allege that "development" of the property is "economically infeasible"; however, this allegation is not sufficient to avoid the "mere diminution in value" result of *HFH, Ltd., supra.* Furthermore, by their own pleadings appellants, in effect, admit that the remaining fair market value of the land is $210,000, indicating that there is a reasonably beneficial and substantial use remaining under the new zoning ordinance. (Cf. *HFH, Ltd., supra,* 15 Cal.3d at p. 512, fn. 2.)

Appellants urge that their complaint nonetheless states a cause of action for the "taking of an interest" in their property (presumably

equivalent to an open space or scenic easement) for "public purposes" without compensation. They claim that inverse condemnation lies for such a taking,[1] citing *HFH, Ltd., supra.*

Appellants did not claim below, nor do they now assert, that the zoning ordinance was invalid.[2] Nor does the complaint suggest any support for the argument, enunciated in the briefs, that the zoning created a "public use" of the property.

Appellants' argument is focused upon the voluminous decisional law concerning the limitations on the exercise of the police power to achieve regulation of private property. ■ The United States Supreme Court has stated: "The general rule at least is, that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." (*Penna. Coal Co.* v. *Mahon,* 260 U.S. 393, 415-416 [67 L.Ed. 322, 325-326, 43 S.Ct. 158, 28 A.L.R. 1321].)

The same court in *Goldblatt* v. *Hempstead,* 369 U.S. 590, 594 [8 L.Ed.2d 130, 133-134, 82 S.Ct. 987], asserted: "governmental action in the form of regulation . . . [can] be so onerous as to constitute a taking which constitutionally requires compensation. [Citations omitted.] There

---

[1]Appellants make no allegation that the county intends to condemn their property; indeed, they claim that the county's actions are part of a policy to maintain open space *without* formal condemnation.

[2]Mandate (*HFH, Ltd., supra,* 15 Cal.3d at p. 513; *Selby Realty Co.* v. *City of San Buenaventura,* 10 Cal.3d 110, 128 [109 Cal.Rptr. 799, 514 P.2d 111]), injunctive relief (*State of California* v. *Superior Court,* 12 Cal.3d 237, 252 [115 Cal.Rptr. 497, 524 P.2d 1281]; *Consolidated Rock Products Co.* v. *City of Los Angeles,* 57 Cal.2d 515, 517 [20 Cal.Rptr. 638, 370 P.2d 342]), or declaratory relief (*Kissinger* v. *City of Los Angeles,* 161 Cal.App.2d 454, 455, 460 [327 P.2d 10]) are available to challenge the validity of a zoning ordinance as an exercise of the police power. Appellants have, however, eschewed these forms of relief, apparently conceding the validity of the ordinance.

"We recognize, of course, the requirement of liberality in permitting amendment of pleadings 'in furtherance of justice.' (Code Civ. Proc., § 473; citation omitted.) Nothing in this policy of liberal allowance, however, requires an appellate court to hold that the trial judge has abused his discretion if on appeal the plaintiffs can suggest no legal theory or state of facts which they wish to add by way of amendment. . . . '[T]he burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations omitted.] Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' " (*HFH, Ltd., supra,* 15 Cal.3d at p. 513, fn. 3.)

Appellants do not suggest that they wish to amend the complaint, or that they desired to do so in the trial court, or that they would or could change or augment their allegations in any way so as to alter or supplement the complaint. Rather, they rest on the argument that the complaint *as it stands* states a cause of action. "We shall therefore determine this question below without reference to other possible facts which might enable them successfully to state a cause of action in inverse condemnation." (*Id.*)

is no set formula to determine where regulation ends and taking begins." These principles are well recognized in California (see, e.g., *House* v. *L. A. County Flood Control Dist.,* 25 Cal.2d 384, 388 [153 P.2d 950]; *Gisler* v. *County of Madera,* 38 Cal.App.3d 303, 306 [112 Cal.Rptr. 919]; *Candlestick Properties, Inc.* v. *San Francisco Bay Conservation etc. Com.,* 11 Cal.App.3d 557, 572 [89 Cal.Rptr. 897]) and elsewhere. (See, e.g., *Aronson* v. *Town of Sharon,* 346 Mass. 598 [195 N.E.2d 341]; *Arverne Bay Const. Co.* v. *Thatcher,* 278 N.Y. 222 [15 N.E.2d 587, 117 A.L.R. 1110]; *National Land and Investment Company* v. *Kohn,* 419 Pa. 504 [215 A.2d 597].)

However, we do not reach the question posed by the briefs of the parties, namely, whether a cause of action can be stated in inverse condemnation for a taking allegedly resulting from a zoning action, or whether the aggrieved landowner must directly attack the ordinance itself as an invalid or unconstitutional exercise of the police power.[3] As observed above, the complaint does not allege that there are *no* reasonably beneficial alternative uses of the property under the new zoning ordinance. Appellants rather seek inverse condemnation damages on the theory that the ordinance is part of a county policy to "acquire" open space through zoning, at no cost to the county.

Moreover, with the notable exception of precondemnation activities intended to freeze or lower the value of the property (*HFH, Ltd., supra,* 15 Cal.3d at p. 517, fn. 14),[4] the general rule is that " 'the purpose

---

[3]Except for *Sneed* v. *County of Riverside,* 218 Cal.App.2d 205 [32 Cal.Rptr. 318], involving actual public use of airspace over property restrictively zoned as to height limitations, the other cases permitting relief in inverse condemnation fall into the category of "inequitable precondemnation activity" discussed in *HFH, Ltd.* (E.g., *Arastra Limited Partnership* v. *City of Palo Alto,* 401 F.Supp. 962; *Klopping* v. *City of Whittier,* 8 Cal.3d 39 [104 Cal.Rptr. 1, 500 P.2d 1345]; *Peacock* v. *County of Sacramento,* 271 Cal.App.2d 845 [77 Cal.Rptr. 391]; but cf. *Turner* v. *County of Del Norte,* 24 Cal.App.3d 311, 314-315 [101 Cal.Rptr. 93].)

Other decisions cited for the proposition that exercise of the police power may be so harsh as to constitute a taking involved holdings that the legislation was invalid or unconstitutional, rather than compensation to the aggrieved landowner. (E.g., *Penna. Coal Co.* v. *Mahon, supra; Kissinger* v. *City of Los Angeles, supra,* 161 Cal.App.2d 454 [327 P.2d 10]; *Aronson* v. *Town of Sharon, supra; Arverne Bay Const. Co.* v. *Thatcher, supra; Appeal of Kit-Mar Builders, Inc.,* 439 Pa. 466 [268 A.2d 765, 48 A.L.R.3d 1190]; *National Land and Investment Company* v. *Kohn, supra; Dooley* v. *Town Plan & Zon. Com'n. of Town of Fairfield,* 151 Conn. 304 [197 A.2d 770]; *State* v. *Johnson,* (Me.) 265 A.2d 711 [46 A.L.R.3d 1414].)

[4]"Showing an intent to condemn . . . weighs heavily against the presumption that a restriction on land has as its purpose a valid exercise of police power." (*Kopetzke* v. *County of San Mateo, Bd. of Super.,* 396 F.Supp. 1004; 1008; *Kissinger* v. *City of Los Angeles, supra,* 161 Cal.App.2d 454, 462.)

or motive of the city officials in passing an ordinance is irrelevant to any inquiry concerning the reasonableness of the ordinance. . . . If the conditions justify the enactment of the ordinance, the motives prompting its enactment are of no consequence.' " (*McCarthy* v. *City of Manhattan Beach*, 41 Cal.2d 879, 894 [264 P.2d 932].) ■ "[T]he validity of a legislative act does not depend on the subjective motivation of its draftsmen but rests instead on the objective effect of the legislative terms." (*County of Los Angeles* v. *Superior Court*, 13 Cal.3d 721, 727 [119 Cal.Rptr. 631, 532 P.2d 495].)

■ Of course, we recognize that where property is restrictively zoned and actually used for public purposes a compensable taking may occur. (*Sneed* v. *County of Riverside, supra*; cf. *HFH, Ltd., supra*, 15 Cal.3d at p. 517, fn. 14.) ■ However, although appellants allege that the zoning constitutes "acquisition for public use" they present no allegations of facts indicating either acquisition *or* public use. They "have failed to set out facts in their complaint to show that the ordinance was a property-taking device rather than a regulation of the use of land." (*Morse* v. *County of San Luis Obispo, supra*, 247 Cal.App.2d 600, 603.) *Selby Realty Co.* v. *City of San Buenaventura, supra*, negates reliance upon allegations that the general plan designated areas for public acquisition; the adoption of a general plan itself does not give rise to a cause of action for inverse condemnation. (10 Cal.3d 110, 118-121.) Nor do the allegations concerning the nearby airport strengthen appellants' position: "the proximity of a public airport to plaintiff's land is not enough from which to infer that a zoning classification has been adopted as a device to acquire property cheaply for airport purposes." (*Morse* v. *County of San Luis Obispo, supra*, 247 Cal.App.2d 600 at p. 604.) ■ If the public use which appellants urge in their briefs eventually becomes a reality, they will then have appropriate legal remedies; it is not "the province of a court to speculate on future intentions of a public entity and allow recovery in inverse condemnation for a taking yet to occur." (*Id.*)

■ Appellants have simply failed to allege any *precondemnation activities*, the *lack of any remaining reasonably beneficial use*, or any *public use* of their property. The sum of their complaint thus amounts to nothing more than an allegation of diminution in value due to down-zoning, for which *HFH, Ltd.* refused to find a cause of action in inverse condemnation. (Cf. *Smith* v. *County of Santa Barbara*, 243 Cal.App.2d 126 [52 Cal.Rptr. 292].) As appellants present no additional facts or allegations upon which an amendment to the complaint might be based, and indeed made no request to amend, the demurrer was

properly sustained without leave to amend. (*Burling* v. *Newlands,* 112 Cal. 476, 499-500 [44 P. 810]; *Schultz* v. *Steinberg,* 182 Cal.App.2d 134, 140-141 [5 Cal.Rptr. 890]; *Angelis* v. *Foster,* 24 Cal.App.2d 541, 544 [75 P.2d 650].)

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied July 19, 1976, and appellants' petition for a hearing by the Supreme Court was denied August 26, 1976.