[Civ. No. 67025. Second Dist., Div. Six. Aug. 8, 1983.]

SAMUEL PALMER, Plaintiff and Appellant, v.
BOARD OF SUPERVISORS OF VENTURA COUNTY,
Defendant and Respondent.

**COUNSEL**

Cohen, England, Whitfield & Osborne and David W. Tredway for Plaintiff and Appellant.

Dorothy L. Schechter, County Counsel, and Dennis L. Slivinski, Assistant County Counsel, for Defendant and Respondent.

**OPINION**

**STONE, P. J.**—Samuel Palmer appeals an adverse ruling of the trial court at an order to show cause hearing to compel respondent board of supervisors to delete its conditions for approval of appellant Palmer's tentative map requiring property rezoning before being granted a final subdivision map. We affirm the decision of the trial court.

The sole issue is whether appellant's tentative map which conformed to a zoning law in existence at the date of the wrongful denial of appellant's application should be subject to a subsequently enacted zoning ordinance.

On September 17, 1980, appellant filed with the Ventura Planning Department a tentative map and application to subdivide his 35.5-acre parcel (designated in the county's general plan as open space 10-40 acres and prior to September 22, 1982, zoned "Agricultural Exclusive Prime 10 acre minimum") into three lots of 15.3, 10.1, and 10.1 acres. Requested lot sizes were consistent with minimum zoning laws. Respondent denied approval, claiming that the site was not physically suitable for the proposed density

of development (Gov. Code, § 66474, subd. (d)) and that the proposed lot sizes would not be compatible with the adjacent agricultural preserves.

On June 15, 1981, appellant petitioned the superior court for a writ of mandate, and an alternative writ of mandamus was issued and served on respondent. Subsequently, the Ventura County Planning Commission adopted a resolution of intent to rezone appellant's property and three other parcels to "Agricultural Exclusive, 40 acre minimum." On September 22, 1981, over appellant's objections, respondent approved the zone change on all four parcels. On September 11, 1981, the trial court announced in open court its intended decision to grant the writ, stating in pertinent part: "YOU ARE HEREBY COMMANDED, immediately upon receipt of this writ to set aside that portion of your decision dated May 26, 1981 in the proceeding regarding tentative Parcel Map No. PM 3572 denying approval of this parcel map and you are directed to approve said parcel map and to take any further action specifically enjoined upon you by law; but nothing in this writ shall limit or control in any way the discretion legally vested in you, including the determination of what reasonable conditions to impose upon the approval of said parcel map not inconsistent with the judgment of the court herein." Following service of the writ, respondent on November 10, 1981, conditionally approved tentative map No. PM 3572 subject to eleven conditions.[1] These conditions effectively assured map conformation to zoning operative at the date of recordation rather than date of denial.

## DISCUSSION

Although the general rule holds that a permit, license or other governmental entitlement must conform to the law in existence at the time of its issuance or recordation rather than that in effect at the time of application or denial (see, *Selby Realty Co.* v. *City of San Buenaventura* (1973) 10 Cal.3d 110, 125 [109 Cal.Rptr. 799, 514 P.2d 111]), appellant contends that said rule is not applicable because his tentative map was denied illegally

---

[1]The two conditions which were added over appellant's objections are:

10. Prior to recordation of the parcel map, the applicant shall obtain a zone change for the property from the "A-E" zone to the "A-E-P" subzone or some other zone for which the minimum lot size is no greater than 10 net acres. Conditional approval of the tentative map does not constitute a commitment on the part of the County of Ventura to approve such zone change.

11. As of the date of recordation of the parcel map, all of the lots depicted thereon shall meet the requirements of the zoning ordinances and general plan then applicable to the property. Compliance with this condition shall be required even if the zoning and general plan requirements in effect as of the date of recordation are different from those in effect as of the date the tentative map is conditionally approved. Conditional approval of the tentative map shall neither limit the power of the legislative body to amend the applicable zoning ordinance and/or general plan nor compel the legislative body to make any such amendments.

prior to the rezoning of the property. Supporting cases *Keizer* v. *Adams* (1970) 2 Cal.3d 976 [88 Cal.Rptr. 183, 471 P.2d 983]; *Gabric* v. *City of Rancho Palos Verdes* (1977) 73 Cal.App.3d 183 [140 Cal.Rptr. 619]; *McCombs* v. *Larson* (1959) 176 Cal.App.2d 105 [1 Cal.Rptr. 140]; and *Munns* v. *Stenman* (1957) 152 Cal.App.2d 543 [314 P.2d 67], hold that a *building permit* may not be denied in anticipation of a law change nor by legislation enacted to frustrate a particular developer's plans.

In the instant case, however, appellant's tentative map was denied not on the basis of any proposed change in zoning but because the trial court found that respondent incorrectly interpreted a Government Code section. Rezoning was consistent with a comprehensive plan to preserve agricultural lands in Ventura County and at the order to show cause hearing the superior court found, "the Board of Supervisors did not institute the zone change at issue with the purpose to moot out the writ of mandate issued by this Court on October 16, 1981, or otherwise to discriminate against petitioner's development plans." Furthermore, the trial court found that the process of rezoning which affected the instant land and three other properties had begun prior to both the denial of appellant's tentative map application and the filing of his petition for writ of mandate.

In *Atlantic Richfield Company* v. *Board of Supervisors* (1974) 40 Cal.App.3d 1059 [115 Cal.Rptr. 731], a building permit for a service station on a site zoned to permit that use was denied pursuant to a directive from the county board of supervisors to the director of public works instructing him to issue no building permits until after a hearing, scheduled for the following day, on an interim ordinance that would require "use permits" for construction of service stations. In a mandate action, the trial court issued a peremptory writ compelling issuance of the building permit on the basis that appellants were entitled to the permit under laws and regulations of the county on the application date and that the permit refusal constituted abuse of authority. The appellate court reversed the trial court, remarking that the latter erroneously applied the rule operative in cases involving ordinances enacted to frustrate a particular developer's plans or ordinances which are discriminating, arbitrary and confiscatory in nature, and that nothing in the record indicated that the county acted in bad faith. "Indeed, even after a permit has been issued, it may be revoked by an administrative body on the basis of a subsequent change in the zoning laws unless the permittee has made substantial improvements in good faith reliance on the permit. [Citations.]" (40 Cal.App.3d at p. 1065.)

Appellant asserts that by illegally denying his application respondent was in effect changing the applicable zoning without enacting a new ordinance, a deliberate attempt to frustrate subdivision of his property, thereby bring-

ing this case within the parameters of *Keizer, Gabric, McCombs* and *Munns*. Since the trial court found that respondent did not act in bad faith in illegally denying his application and that the rezoning process had been in existence prior to the denial of appellant's application, appellant's claim is invalid. Appellant does not maintain that he has acquired a "vested right" to complete his subdivision. (See, *Avco Community Developers, Inc.* v. *South Coast Regional Com.* (1976) 17 Cal.3d 785 [132 Cal.Rptr. 386, 553 P.2d 546].) Furthermore, the filing of a subdivision map is insufficient to exempt one from a subsequent zone change. (*Gisler* v. *County of Madera* (1974) 38 Cal.App.3d 303 [112 Cal.Rptr. 919]; *People* v. *County of Kern* (1974) 39 Cal.App.3d 830 [115 Cal.Rptr. 67].) " '. . . The simple act of filing a map would destroy the power of the planning commission, the zoning board and the local legislative body to *ever* permit the use of land for purposes other than those specified on the map, or as zoned at the time the map was filed. The uses to which a parcel could be put would be irrevocably fixed for all time. [Citations.] There is no indication in the Subdivision Map Act (Bus. & Prof. Code, § 11500 et seq.) that such a result was intended by the Legislature.' " (*Gisler* v. *County of Madera, supra,* 38 Cal.App.3d at p. 309.)

Notwithstanding appellant's insistence that had his tentative map been timely approved he would have complied with the original nine conditions of the tentative map prior to the enactment of the new ordinance thereby entitling him to his final map approval, neither the authorities cited nor those found sustain the premise that an illegal denial of an application for a tentative subdivision map per se exempts the applicant from subsequent zone changes. It is therefore unnecessary to address the issue raised by respondent regarding merger under Ventura County Ordinance section 8170-7.

The judgment (order) appealed from is affirmed.

Abbe, J., and Gilbert, J., concurred.