135 So.2d 752 (1961)
CUBAN AIR FORCE, F.A.R., Petitioner,
v.
Richard B. BERGSTRESSER, Respondent.
Nos. 61-823, 61-828.
District Court of Appeal of Florida. Third District.
December 21, 1961.
Carr & Warren, Sam Daniels, Miami, for petitioner.
Bergstresser & Taylor, Kenneth L. Ryskamp, Miami, for respondent.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This matter came on before us initially upon defendant's petition for a constitutional stay writ pursuant to Rule 4.5, subd. g, Florida Appellate Rules, 31 F.S.A., which was filed together with a petition for writ of certiorari. At the time of the oral argument on the stay writ it was stipulated, in open court, by and between counsel for the parties that the petition for writ of certiorari be considered without further argument or briefs.
The petitioner seeks review of an order of the circuit court shortening the time of sale of an airplane under execution as provided by § 55.44, Fla. Stat., F.S.A. The final judgment in the cause was entered *753 on January 10, 1961 in favor of the respondent in the amount of $24,516. On December 14, 1961 the respondent filed his petition for short order of sale wherein the respondent averred that a Cessna airplane was in custody of the Sheriff of Dade County; that the airplane was the property of the government of Cuba or its entities; that the judgment remaining unsatisfied was $5,400; that in the event of an overage from the sale of the airplane, he would apply the excess in accordance with outstanding judgments and executions in the possession of the Sheriff; and that "such airplane is highly depreciable and subject to rapid deterioration and loss of value, as well as requiring guards and expensive maintenance." On December 14, 1961 after an ex parte hearing the court entered a short order of sale which is the subject of this proceeding. The order in question read in part as follows:
"Considered, ordered, and adjudged that the Sheriff of Dade County, Florida, be and he is hereby authorized and directed to forthwith advertise the sale of a certain
Cessna Twin Engine Airplane Serial CUN 626, INRA D.P.T. -O- Maquinara
to be held at public auction, by advertisement to be published in a daily newspaper of general circulation on December 15, 1961, and further that said property shall be sold at said public auction on Monday, December 18, 1961 at 1:30 o'clock P.M., * * * and in the event cash is bid in said sale, that the Sheriff of Dade County, Florida, shall forthwith thereafter turn over said cash in full, less the properly deducted expenses and charges for conducting said sale, to the plaintiff-petitioner Richard B. Bergstresser or his attorney, Richard G. Taylor."
There are two principal grounds urged for quashing the above order. The initial ground is that the circuit judge was without authority to shorten the statutory period of sale absent a showing that the requirements of § 55.44, Fla. Stat., F.S.A.[1] have been met. The second ground deals with the impropriety of directing that the Sheriff turn over the entire proceeds to the respondent even though such proceeds may be in excess of the amount due the respondent.
Since this is a proceeding for a writ of certiorari, we are limited to the record in reviewing the order complained of. We find that the petition for the order of short sale is insufficient to support the order since there is no showing in the petition or the record before us that the airplane is property which "is subject to decay, and will not sell for its full value if held for a period of 30 days."
It was further error to direct in the order of sale that the entire proceeds be turned over to the respondent as judgment creditor, even though the proceeds from the sale will likely be in excess of the amount due the respondent. The proper direction is to provide that the Sheriff pay to the judgment creditor only that portion of the proceeds to which he is entitled.
It follows, therefore, that the order of short sale should be quashed. However, this is not with prejudice to any rights the respondent may have with regard to securing an order of short sale upon a proper showing that he is entitled to relief under § 55.44, supra.
Writ granted and order quashed.
NOTES
[1] That section provides:

"55.44 Execution sales; notice
"Notice of all sales under execution shall be given by advertisement once each week for four successive weeks in a newspaper published in the county in which the sale is to take place, or if there is no newspaper published in the county, by posting notices at the door of the court house of the county, and at three other public places in the county, for thirty days; but the time of such notice may be shortened in the discretion of the court from which the execution issued, upon affidavit that the property to be sold is subject to decay, and will not sell for its full value if held for a period of thirty days."