165 So.2d 227 (1964)
DADE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Carl C. CARMICHAEL and Mary J. Mathis, Appellees.
No. 63-587.
District Court of Appeal of Florida. Third District.
June 9, 1964.
Rehearing Denied June 24, 1964.
*228 Darrey A. Davis, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Anderson & Nadeau, Miami, for appellees.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
Dade County, respondent below, seeks review of a final order granting petitioners' application for certiorari and ordering a rezoning of petitioner-appellees' property.
The appellees were the owners of certain property located in Dade County which was zoned for single-family use. The property was surrounded on three sides by zoning classifications permitting the property to be used for various business purposes. The appellees filed a petition with the Zoning Appeals Board to change the zoning so as to permit motels and apartments to be constructed on the property. The Zoning Appeals Board denied the application and an appeal was taken to the Board of County Commissioners. The county commission, upon notice and hearing, and after considering the record and proceedings before the Zoning Appeals Board, affirmed the decision of that board and denied the petition.
Subsequently the appellees sought a writ of certiorari in the circuit court to review the action of the county commission mentioned above. The petition was accompanied by a transcript of the proceedings before the Zoning Appeals Board and the resolution of the county commission denying said appeal and, inter alia, requested the court to "* * * take such additional evidence as petitioners may offer which will demonstrate the arbitrary and capricious refusal of the respondent to rezone the property. * * *" The appellant filed a motion to quash or dismiss the petition on the ground that said petition failed to meet the requirements of Rule 4.5(c), Florida Appellate Rules, 31 F.S.A. This motion was denied. Thereafter the matter was set down before a referee and testimony was taken on behalf of appellees. In due course, the referee filed his report in which he detailed the character of the surrounding area and concluded that the rezoning of the property would be compatible with the existing uses in the neighborhood and would not be conflicting with the general plan of the area. Accordingly, he recommended that the property be rezoned as prayed for in the petition. Upon the findings of the referee, the circuit court entered the order appealed which directed the county to rezone the property.
*229 The appellant makes three major arguments for reversal. Inasmuch as we reverse on appellant's threshold argument, we deem it unnecessary to consider the other contentions found in appellant's brief. As stated by appellant:
"In certiorari proceedings to review a zoning decision, additional testimony cannot be introduced before the court, whether received by the court or by its referee."
We note at the outset that Rule 4.5 (a) (2), Florida Appellate Rules, (relating to certiorari proceedings) provides:
"Writs Raising Issue of Fact Will Not Be Heard. When it appears that an application raises questions of fact which will require the taking of testimony said application will not be entertained by the Court."
This rule is in accord with the general principles applicable to common law certiorari proceedings, to-wit: a proceeding in certiorari contemplates that the reviewing court's consideration shall be confined strictly and solely to the record of proceedings conducted by the agency or board on which its questioned order is based. See Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417; Cuban Air Force, F.A.R. v. Bergstresser, Fla.App. 1961, 135 So.2d 752.
In DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, it was pointed out that certiorari is a discretionary writ bringing up for review by an appellate court the record of an inferior tribunal or agency in a judicial or quasi-judicial proceedings. It was there held that in certiorari the reviewing court will not undertake to reweigh or evaluate the evidence presented before the tribunal or agency whose order is under examination but will merely examine the record made to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which must also accord with the essential requirements of law.
We note that Chapter 176, Fla. Stat., F.S.A., specifically provides that review of municipal zoning ordinances adopted pursuant thereto may be had by writ of certiorari and proceedings had thereon will be in the nature of a trial de novo. However, this statute has no application to boards of county commissioners adopting zoning ordinances and resolutions pursuant to other statutory authorization. See Harris v. Goff, Fla.App. 1963, 151 So.2d 642.
Accordingly, the order appealed is reversed, and the cause is remanded to the trial court for a determination, based upon a consideration only of the record of proceedings before the Zoning Appeals Board and the county commission, not inconsistent with the views herein expressed.
Reversed and remanded.