PEARSON, Judge.
The County appeals a judgment of the circuit court after the granting of certiorari in a zoning dispute.[1] The judgment may be divided into two aspects for consideration of this appeal. First, it determined that the County Commission had departed from the essential requirements of law in its order which rezoned petitioner’s property. Second, the court ordered rezoning to a specific zoning classification and cubic foot content for the residences to be constructed. We affirm the first order requiring the County Commission to rezone, but we remand the second aspect of the order for reconsideration.
The petitioner, appellee here, owns a ten acre plot which it intends to develop by subdivision and construction of homes for sale. At the time of purchase it was zoned AU, which is agricultural use. Appellee’s application to the County for rezoning culminated in a resolution of the Board of County Commissioners which rezoned the property as follows:
“NOW -THEREFORE BE IT RESOLVED by the Board of County Commissioners, Dade County, Florida, that the aforedescribed property be and the same is hereby zoned in the following manner:
1. That two tier of lots conforming with the EU-M requirements be provided on the North portion of the property (North 300' plus or minus) and that said property be zoned EU-M, 15,000 c.f.
2. That one tier of lots conforming with the EU-M requirements be provided on the West portion of the property (West 150' plus or minus) and the same be zoned EU-M, 15,000 c.f.
3. That the balance of the subject property be zoned RU-1, 12,500 c.f.”
*35 The County Commission’s rezoning of the tract in “tiers” was a modification of a proposal by the applicant. At the beginning of the hearing on the application the applicant stated:
“Our solution is to plat this property in three blocks. The property on the north, abutting up to the people, are one hundred and twenty-nine foot frontage and one hundred and twenty-five foot frontage, and one hundred and twenty-five feet deep, which compares to your EU-M property. That would be five lots on the entire block across the entire ten acres, and we feel that a fifteen thousand cubic foot minimum would be very good, would be very substantial, and would be in comparison to the homes to the north.
“That is a generous offer, a generous solution, and a sacrifice to the owner of the land.
“Dropping down, you would see the eighty-five hundred foot has been scratched over and the minimum of twelve thousand cubic feet [indicating]. Those lots are seventy-five feet wide or more, running a hundred feet deep or more, and then, as we drop down to 128th Avenue, which is travelled, well-travelled avenue, which has industrial on the south of it, where we did consider seventy-five hundred cubic foot minimum, we have gone up to ten thousand cubic foot minimum.”
At the conclusion of the hearing the County Commission denied the petitioner’s rezoning application, but substituted a modified rezoning plan.
Upon the granting of the writ of cer-tiorari in the circuit court, the judge held that the zoning as set by the County Commission was unreasonable, arbitrary and confiscatory. He further held as follows:
“That the Court is of the further opinion that the County Commission should rezone the property with the north tier of lots no less than 80 feet in width and with a minimum cubic feet of building content of 10,000 cubic feet (matching the north side zoning) and this minimum should be reduced to reasonable amounts of the property south of the north tier, and that the property should be used for one-family classification with frontages not less than 75 feet, excepting the north tier of lots with frontages of not less than 80 feet; therefore, it is
“ORDERED AND ADJUDGED as follows:
“1. That the petition to intervene be and it is hereby granted.
“2. That the County Commission Resolution No. Z-l 11-65 is arbitrary, unreasonable, discriminatory and invalid, and has no substantial relationship to public health, safety, morals and welfare and said resolution be and the same is hereby vacated and held for nought.
“3. That the County Commission shall, at its earliest convenience, rezone said property of the Petitioner, which property is legally described as:
‘SE 1/4 SW 1/4 NE 1/4 of Sec. 16, Twp. 55S, Rge. 40E; from SW 89th Ave. to SW 90Ave., between SW 126 St. and SW 128 St., Dade County, Florida;
with an RU-1 (one family, residential) use, with a minimum cubic foot restriction not to exceed 10,000 cubic feet, and said rezoning by the Respondent shall not be inconsistent with the Court’s opinion in this case.”
Upon appeal the County maintains that the writ of certiorari should have been quashed because the issue of the rezoning was fairly debatable, and the court should not substitute its judgment for the legislative power. Also, in 1963 there had been a denial by the County Commission of a similar rezoning application for the same property. The County contends that the area has not substantially changed since that time, and therefore, that the doctrine *36 of res judicata is a complete defense to the petition in the circuit court.
The County has not demonstrated error upon the res judicata issue because it is apparent that there has been a substantial change in the area, so that the present agriculture use zoning has no substantial relationship to public health or welfare.
Upon the issue of the rezoning set by the circuit court, the County has not demonstrated error except that it is apparent from the record that the circuit judge, after finding that the rezoning was invalid, then established a plan of zoning for the tract which was more liberal than that requested by the applicant before the County Commission.
A proceeding in certiorari contemplates that the reviewing court’s- consideration shall be confined strictly and solely to the record of proceedings conducted by the agency or board on which its questioned order is based. Dade County v. Carmichael, Fla.App.1964, 165 So.2d 227. Therefore, the determination which was to be made, was whether or not the administrative board had proceeded in accordance with the essential requirements of law.
In this instance the circuit judge correctly determined that the County Commission had not acted in accordance with the established principles of the law in denying the application for rezoning, and by substituting a compromise proposal. We think that having reached this conclusion, he should have directed the County Commission to grant the application which was made. We therefore quash that portion of the final judgment in accordance with the opinion of the circuit judge. We remand for the entry of the amended final judgment which will direct the County Commission to rezone petitioner’s property in accordance with petitioner’s offer and application at the hearing before the County Commission.
Quashed in part and remanded.

. The question as to the propriety of a petition for certiorari was not raised in the circuit court or on appeal. But see Sun Ray Homes, Inc. v. County of Dade, Ma.App.1964, 166 So.2d 827, Dade County v. Markoe, Ma.App.1964, 164 So.2d 881.