NATHAN, Judge.
Petitioner, Marca, S.A., appeals an order of the Circuit Court denying certiorari on an administrative order of the Dade County Board of County Commissioners in the exercise of their zoning power.
The petitioner is the owner of a 320 acre tract of land located within Dade County and subject to the zoning powers of the Dade County Board of County Commissioners. The evidence discloses that there was a land use plan not designated by *462 boundaries of sections, but rather designated by a curving line separating agricultural and interim use from other development; that petitioner’s tract lies within the agricultural and interim use area; that the land use plan had been violated by re-zoning on numbers of occasions. In fact, tracts surrounding and/or abutting the petitioner’s property were re-zoned and are currently being developed; that on January 22, 1974, the petitioner appeared before the Dade County Commission to request a change of zoning in a manner compatible with surrounding development; that the zoning appeals board recommended approval of the change, and that the county commission denied the petitioner’s application.
The petitioner sought relief by way of petition for certiorari to the circuit court. Approximately two weeks after the denial of the petitioner’s application for a zoning change, the county commission again violated the land use plan by re-zoning “The Hammocks,” a tract in the same area, lying outside the same planning line, and substantially larger than the petitioner’s tract, for a development of major proportions. The petitioner requested that the circuit court supplement the record of the proceedings on certiorari to reflect the actions of the county commission in re-zoning another tract subsequent to its denial of the petitioner’s application, to support the claim of arbitrary and discriminatory conduct and favoritism. The court refused to supplement the record and ultimately denied the petition for writ of certiorari. The petitioner then noticed this appeal, citing as error the trial court’s refusal to supplement the record and denial of the petition.
The petitioner argues that in order to have all the facts before it, the circuit court shóuld have allowed supplementation of the record by including in it the zoning board’s decision to permit a change of zoning of another tract within only approximately two or three weeks of its denial of the petitioner’s request. The petitioner cites Bayside Warehouse Company v. City of Memphis, 63 Tenn.App. 268, 470 S.W.2d 375, to support the proposition that the trial court may supplement the record of a petition for writ of certiorari by admitting additional evidence on the question of whether the board or commission whose action is being reviewed exceeded its jurisdiction or acted fraudulently, illegally or arbitrarily. We note, however, that in Tennessee, this is based on statutory authorization which does not obtain under Florida law.
The general rule is that a proceeding in certiorari contemplates that the reviewing court’s consideration shall be confined strictly and solely to the record of proceedings conducted by the administrative agency on which its questioned order is based. Bloomfield v. Mayo, Fla.1960, 119 So.2d 417; Dade County v. Carmichael, Fla.App.1964, 165 So.2d 227; Metropolitan Dade County v. Jennings Construction Co., Fla.App.1967, 196 So.2d 33. We do not quarrel with these cases because the general rule serves to prevent an applicant for administrative relief from “sandbagging” the administrative board by withholding evidence at the board level, then springing it on the board’s attorney in a judicial proceeding. It additionally prevents an applicant from attempting to bolster his flagging case with evidence that had been available to him at the administrative level, which he failed to use. In the instant situation we are not faced with a sandbag attempt, nor prior available evidence ignored. Here the evidence sought to be included was that peculiarly within the county’s control, namely, an administrative action that took place two or three weeks after the petitioner presented its application to the administrative body.
Although it was physically, logically and chronologically impossible for the petitioner to present to the county commission evidence of an action of the county commission which had not yet taken place, but which bears directly on the allegations of partiality and favoritism toward some property owners, and against the petitioner, the appellee urges that the trial court was required to ignore this evidence.
*463 The principal issue before the circuit court was the county’s refusal to allow the petitioner to develop outside the mythical planning line. During the board hearing, one of the reasons given for denial of the re-zoning application was the fact that the petitioner’s proposed development lies outside the line, and that it was time to stop permitting developments outside thereof. Yet, the material sought to be included reflects that more development was permitted subsequent thereto. We hold that the court, within the ambit of its discretion, has the authority and should have included the supplemental evidence in the record in order to have a thorough understanding of the situation before it, since the subsequent action of the board, requested to be added to the record, took place within such a markedly short period of time after its decision on the petitioner’s request.
This opinion is not to be construed as passing on the merits of this petition for certiorari.
We, therefore, reverse and remand to the trial court for further proceedings consistent herewith.