326 So.2d 183 (1976)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
MARCA, S.A., a Panama Corporation, Respondent.
No. 46769.
Supreme Court of Florida.
January 21, 1976.
Stuart Simon, Dade County Atty., and Stanley B. Price, Asst. County Atty., for petitioner.
John G. Fletcher, Coconut Grove, for respondent.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Third District, reported at 304 So.2d 461 (Fla.App.3, 1974), which purportedly conflicts with DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957), Bloomfield v. Mayo, 119 So.2d 417 (Fla. App. 1960), Dade County v. Carmichael, 165 So.2d 227 (Fla.App. 1964), and Metropolitan Dade County v. Jennings Construction Co., 196 So.2d 33 (Fla.App. 1967). We have jurisdiction pursuant to Article V, Section 3(b) (3), Constitution of Florida.
The factual situation and questions of law appear in the decision of the District Court of Appeal under review and for the sake of brevity will not be repeated here.
The question posited by petitioner is whether the District Court erred in reversing the order of the Circuit Court refusing to allow the supplementation of the record before it in a certiorari proceeding brought to review action of Dade County Commission denying respondent's request to rezone certain properties located in Dade County. Respondent requested that the Circuit Court supplement the record of the proceedings on certiorari to reflect actions of the County Commission in re-zoning another tract subsequent to its denial of respondent's request. The petition for writ of certiorari was ultimately denied by the Circuit Court, the merits of which denial the District Court did not reach in its decision sub judice.
Although recognizing the general rule as enunciated by the above cited cases to be that a proceeding in certiorari contemplates that the reviewing court's consideration shall be confined strictly and solely to the record of the proceedings conducted by the administrative agency on which its questioned order is based, the District Court of Appeal reversed the order of the Circuit Court refusing supplementation of the record and held that the Circuit Court has the authority and should have included *184 the supplemental evidence in the record in order to have a thorough understanding of the situation before it.
Petitioner posits and we agree that the proceeding to review the zoning decision of the Board of County Commissioners contemplates that the Circuit Court's determination be confined to the record of the proceedings conducted before the County Commissioners. We do not find justification in this cause to warrant deviation from the well established rule applicable to this certiorari proceeding that the reviewing court's consideration shall be confined strictly and solely to the record of proceedings by the agency or board on which the questioned order is based. Cf. Dade County v. Carmichael, supra. Section 33-316 prescribes the method for review of a decision of the Board of County Commissioners relating to zoning matters to be the filing of a petition for writ of certiorari in the Circuit Court in and for Dade County.
In DeGroot v. Sheffield, supra, this Court explained:
"In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law. It is clear that certiorari is in the nature of an appellate process."
Dade County, in the case of Dade County v. Carmichael, supra, sought review of a final order of the Circuit Court granting the petitioners' application for certiorari and ordering a re-zoning. Therein, upon certiorari review to the Circuit Court of the order of denial by the Dade County Board of County Commissioners, the Circuit Court permitted the appointment of a referee and the taking of additional testimony which evidence dehors the transmitted record of the proceedings below, constituted the basis for the Circuit Court's reversal of the Commission, and order that the county re-zone. Appellant's meritorious point on appeal related the proposition that in certiorari proceedings to review a zoning decision, additional testimony outside the record of the proceedings below cannot be received by the court. The appellate court agreed and reversed and remanded to the trial court for a determination based upon consideration only of the record of the proceedings before the Zoning Appeals Board and the County Commission. As this Court stated in City of Pensacola v. Maxwell, 49 So.2d 527 (Fla. 1950),
"The province of a court in the review of proceedings brought before it by writ of certiorari is well defined: The court may inquire into the jurisdiction of the administrative body whose order is challenged. It may inspect the record of the proceedings before the administrative body to ascertain whether that body has proceeded in accordance with the authority conferred upon it by controlling law. It may examine the record to determine whether there is substantial evidence to justify the finding of the administrative body. If may not re-weigh the evidence for the purpose of determining where the preponderance lies, nor substitute its judgment as to the credibility of witnesses for that of the body charged with the duty of determining the facts."
Cf. Osceola Fruit Distributors v. Mayo, 115 So.2d 760 (Fla.App.2, 1959). In Bloomfield v. Mayo, supra, this Court opined:
"That decision leads to the inescapable conclusion that the type of certiorari to review administrative orders contemplated by Rule 4.1 is common law certiorari in which the scope of review is narrowly limited to a determination of whether the administrative agency acted without or in excess of its jurisdiction, or whether it departed from essential requirements *185 of law in entering the order sought to be reviewed. It is settled in this state that common law certiorari is limited only to review of judicial or quasi-judicial orders of administrative boards, bodies or officers."
Accordingly, having determined no justification for a deviation from the traditional nature of certiorari proceedings to exist sub judice, we hereby quash the decision of the District Court and remand the cause for further proceedings consistent herewith and for disposition of any other questions which were brought before that court for review.
It is so ordered.
ADKINS, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.