332 So.2d 142 (1976)
MARCA, S.A., a Panama Corporation, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 74-562.
District Court of Appeal of Florida, Third District.
May 18, 1976.
John G. Fletcher, Coconut Grove, for appellant.
Stuart Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
In this case, appellant sought review of an order denying certiorari on an order of the Dade County Board of County Commissioners, denying a change of zoning. We reversed the order and held that the record on certiorari should be supplemented to include a zoning change on a tract of land larger than the appellant's and in the same area, granted two weeks after the denial of the appellant's application, so that the trial court would have all of the relevant facts before it.[1] Subsequently, the Florida Supreme Court granted certiorari, quashed our decision, holding that the record in certiorari must be confined to the proceedings below and remanded the cause for further proceedings consistent with its opinion.[2]
We adopt the opinion of the Florida Supreme Court denying supplementation of the record, and we answer the remaining question on appeal as follows:
The land in question, is a 320-acre tract located in southwest Dade County, zoned GU and EU-1, agricultural and interim use. The appellant sought a change of zoning in a manner it claimed to be compatible with the surrounding development, namely single family, townhouse and apartment house use. The planning department and the building and zoning department recommended denial of the application. The zoning appeals board recommended approval. The board of county commissioners denied the application and stated in its resolution that the requested changes would be incompatible with the neighborhood and would be in conflict with the *143 principles and intent of the plan for the development of Dade County. The circuit court denied certiorari.
We have studied the record, and we agree with the trial court's ruling that the burden of a party seeking relief from a zoning resolution is an extraordinary one which places upon the petitioner the duty to show from the record before the trial court that the application for rezoning raised a matter which was not a fairly debatable issue before the legislative authority. Smith v. City of Miami Beach, Fla.App. 1968, 213 So.2d 281; Metropolitan Dade County v. Kanter, Fla.App. 1967, 200 So.2d 624, 626. The record demonstrates that this burden was not sustained and that the application for rezoning was fairly debatable. Accordingly, we find that the trial court did not depart from the essential requirements of law in denying certiorari.
The order denying certiorari is affirmed.
NOTES
[1] See Marca, S.A. v. Dade County, Fla.App. 1974, 304 So.2d 461.
[2] See Dade County v. Marca, Fla. 1976, 326 So.2d 183.