335 So.2d 594 (1976)
Claude D. ADAMS et al., Appellants,
v.
The COUNTY OF DADE, Appellee.
No. 75-608.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Rehearing Denied August 10, 1976.
*595 Ellis Rubin, Miami, for appellants.
Stuart Simon, County Atty., and William W. Gibbs, Asst. County Atty., Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiffs, homeowners in Miami's Grapeland Heights area, seek reversal of that portion of a final judgment denying their claim for more than seven million dollars in damages against Dade County for excessive flight noise from neighboring Miami International Airport in this inverse condemnation action. Defendant Dade County cross-appeals those provisions of the judgment ordering it to implement the recommendations of the Miami International Airport Compatibility Study for noise reduction, and retaining jurisdiction to possibly award plaintiffs damages in the future.
On January 17, 1972 plaintiffs filed a complaint for inverse condemnation against Dade County and sought damages for an alleged taking of air navigational (avigational) easements over and near their respective properties by the County as owner and operator of Miami International Airport. In essence the complaint alleged that their properties are located from 1/2 to 2 miles from the eastern edge of two of the three runways and as a result of the operation of jet aircraft at relatively low altitudes in landing and taking off over and near their properties, plaintiffs have been adversely affected. Dade County answered specifically denying that any alleged taking had occurred. At trial testimony of the plaintiffs, engineering and architectural consultants, FHA and HUD supervisors and real estate appraisers was heard. In addition, abundant documentary evidence was introduced including the Miami International Airport Compatibility Study (MIA) for noise reduction. After conclusion of trial, the judge made lengthy findings of fact in which he determined that plaintiffs have been subjected constantly to at least 100 decibels on the relative scale of intensity of sound as well as vibrations, odors, noxious fumes and other exhaust pollutants from low flying jet aircraft. He then held that for plaintiffs to be entitled to relief they must show that the direct and substantial invasion of their property rights is of such magnitude that they are deprived of the practical enjoyment of their property and such invasion results in a definite and measurable diminution of the market value of the property. Concluding that plaintiffs failed to demonstrate such a definite and measurable diminution, the judge denied their claim for damages. Nevertheless, the judge ordered defendant to begin the implementation and effectuation of the MIA Study Standards, and retained jurisdiction to allow plaintiffs at some future date to petition the court for a hearing to determine whether or not substantial diminution of property values has occurred so that damages, if any, may be determined at that time.
Plaintiffs primarily contend that the trial court erred in holding that they were required to prove diminution of property market value in order to obtain relief.
The leading case with respect to avigational easements is City of Jacksonville v. Schumann, Fla.App. 1967, 199 So.2d 727, cert. denied Fla., 204 So.2d 327 in which the court held that Florida is committed to the view adopted in Martin v. Port of Seattle, 64 Wash.2d 309, 391 P.2d 540 (1960); U.S. v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1945); Griggs v. Allegheny County, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962). These cases clearly hold *596 that in order to be entitled to relief in an inverse condemnation suit for an avigational easement, a plaintiff must establish that there was a diminution in value to the property and that the frequent, low-level flights were the direct and immediate cause. As explained in Martin v. Port of Seattle, supra, the individual in this type of action seeks no recovery for his individual suffering, damage, loss of quiet or other disturbance, but rather, the measure of recovery is injury to market value, and that alone. See Annot. 77 A.L.R.2d 1355 (1961).
There being substantial evidence demonstrating that not only has there been no diminution of the value of the property, but, in fact, an increase in the value, the trial judge was eminently correct in denying plaintiffs' claim for damages.
Plaintiffs' remaining points on appeal do not present reversible error.
On cross-appeal, defendant first argues that the trial court erred in retaining jurisdiction of this case.
The parties stipulated to January 17, 1972 as the date on which a determination was to be made by the court of whether a taking of plaintiffs' properties had or had not occurred. In his final judgment the trial judge held that as of that date the plaintiffs had failed to establish a diminution in the market value of their properties and lacking this requisite element, they could not prevail on their claim for damages. At this point, plaintiffs' cause of action terminated and the judge erred in his retention of jurisdiction to allow plaintiffs to seek possible damages in the future. We, therefore, reverse that portion of the judgment.
Defendant also urges as being erroneous that part of the judgment ordering it to begin the implementation of the MIA study.
The only issue before the trial court was whether or not plaintiffs were entitled to the damages which they were seeking in this inverse condemnation action. This issue having been determined adversely to the plaintiffs, the trial court exceeded the bounds of its jurisdiction by going beyond this sole issue and ordering implementation of the MIA study, clearly a matter for legislative determination by the Dade County Board of County Commissioners. Accordingly, this provision of the final judgment is reversed.
Before concluding, we wish to point out that because plaintiffs have failed to prove a diminution in the value of their properties as of January 17, 1972, they are not precluded by this opinion from bringing another inverse condemnation action at some future date.
Affirmed in part, reversed in part.