348 So.2d 392 (1977)
DADE COUNTY, Appellant,
v.
YUMBO, S.A., Appellee.
No. 76-1433.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Stuart Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellant.
*393 John G. Fletcher, Coconut Grove, for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
BARKDULL, Judge.
Dade County seeks review of an order of the circuit court on petition for writ of certiorari, which granted a zoning change from GU (Interim Use) to RU-TH (Townhouse District), RU-4L (Limited Apartment House  23 units/acre), and BU-2 (Special Business).
Yumbo, S.A., the owner of a 400-acre tract located in the unincorporated area of south Dade County between Homestead Air Force Base and Biscayne Bay, petitioned the County Commission for a rezoning, necessitating a change of district boundaries, to build a new type of habitat (including townhouses, apartments, businesses) where the main objective of this project would be to preserve the natural aspects of the tract by putting each of the housing units on stilts.
The County Commission denied the application for rezoning, based on the recommendations of the Building and Zoning Departments and of the Planning Department. The reasons for recommendation of denial were: (1) rezoning would be in direct conflict with a 1975 Comprehensive Development Master Plan, which indicates the property as being in a preservation area; (2) the property's proximity to Homestead Air Force Base, resulting in over-flights; and (3) insufficient public facilities for development at this time; i.e., water, sewers, roads, schools, etc.
A petition for issuance of a writ of certiorari was filed. After hearing thereon, the circuit court granted the petition for writ of certiorari and directed the County to change the zoning on the property, as requested by the property owner. This appeal ensued.
The appellant contends the circuit court erred in granting the petition for writ of certiorari by substituting its own judgment for that of the Dade County Commission, by abandoning the fairly debatable rule, by ruling that zoning resolution created an avigational easement and a taking of real property, and by destroying the Master Plan concept, which directs development in logical patterns. We agree, and reverse.
There can be no question that promulgation of zoning regulations is a proper function of the appellant herein. City of Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1954); Village of Euclid, Ohio v. Ambler Realty Company, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). However, the trial court held, and the appellee contends, that the fairly debatable doctrine established in the aforementioned cases and their progeny has been abrogated by this court and replaced with the substantial competent evidence rule, based on the following cases: Dade County v. Carmichael, 165 So.2d 227 (Fla. 3rd D.C.A. 1964); Sun Ray Homes, Inc. v. County of Dade, 166 So.2d 827 (Fla. 3rd D.C.A. 1964); Baker v. Metropolitan Dade County, 237 So.2d 201 (Fla.3rd D.C.A. 1970); Centex Homes Corp. v. Metropolitan Dade County, 318 So.2d 149 (Fla. 3rd D.C.A. 1975); Dade County v. Marca, 326 So.2d 183 (Fla. 1976). The theory behind this argument is that the aforementioned cases have changed the law of zoning as it applies to Dade County, so that zoning actions that were formerly administrative in character are now quasi-judicial acts, to be determined upon judicial review by the substantial competent evidence rule.
Such a theory must be rejected by this court. In reviewing the cases cited by the trial court in support of its holding, we find that those cases dealt primarily not with the standard to be used in review of the evidence before the administrative body but, rather, dealt with procedure utilized to seek judicial review of the administrative ruling. Prior to Dade County v. Metro Improvement Corporation, 190 So.2d 202 (Fla. 3rd D.C.A. 1966), rulings that were classified administrative in nature were challenged by a direct attack on their validity in an equitable type proceeding. Dade County v. Markoe, 164 So.2d 881 (Fla. 3rd D.C.A. 1964); Sun Ray Homes, Inc. v. *394 County of Dade, supra. Quasi-judicial orders, on the other hand, were reviewable by certiorari in the circuit court. However, in Dade County v. Metro Improvement Corporation, supra, it was held that pursuant to § 33-316 Code of Metropolitan Dade County, certiorari was the sole method of review of a decision of the Board of County Commissioners in a zoning matter. This method was approved by this court without discussion of whether or not a zoning classification was an administrative or quasi-judicial function, until the case of Baker v. Metropolitan Dade County, supra, wherein this court, in discussing the proper method of review of a request for rezoning, stated: "* * * The commission's procedure, i.e., utilizing the resolution as a means of denying the request for rezoning, is quasi-judicial in nature. Harris v. Goff, Fla.App. 1963, 151 So.2d 642. * * *" This quoted section was reiterated in Centex Homes Corp. v. Metropolitan Dade County, supra, which again involved the appropriate method of review, but the order reviewed was a denial of a request for a variance which, since the inception of modern-day zoning, has been considered a quasi-judicial act. Thus, it would appear that (based on Baker v. Metropolitan Dade County, supra) matters pertaining to zoning classifications on property might constitute a quasi-judicial function of the Dade County Commission rather than an administrative function.
Notwithstanding that holding in Baker v. Metropolitan Dade County, supra, this court has not abandoned the fairly debatable rule in reviewing attacks on zoning classifications that were formerly administrative in nature. In fact, in Baker v. Metropolitan Dade County, supra, this court (in dealing with the zoning of a portion of the property involved therein) stated: "* * * The latter zoning is, at the very least, fairly debatable, and as such should be sustained. * * *" [emphasis added].
Subsequent to Baker v. Metropolitan Dade County, supra, this court and the Supreme Court of Florida (in dealing with zoning cases involving Dade County) have consistently applied the fairly debatable rule in those situations involving requests for rezoning, change of zoning boundary, or any other zoning act universally known primarily as an administrative action. Miles v. Dade County, Board of County Commissioners, 260 So.2d 553 (Fla. 3rd D.C.A. 1972); Metropolitan Dade County v. Crowe, 296 So.2d 532 (Fla. 3rd D.C.A. 1974); Metropolitan Dade County v. Fletcher, 311 So.2d 738 (Fla. 3rd D.C.A. 1975); Marca, S.A. v. Dade County, 332 So.2d 142 (Fla. 3rd D.C.A. 1976). See also: Renard v. Dade County, 261 So.2d 832 (Fla. 1972).
Therefore, we find that the trial court erred in holding that the fairly debatable rule had been replaced by the substantial competent evidence rule in zoning cases of this nature, and we hereby hold that in those cases involving Dade County zoning actions, which are universally considered administrative in nature, the trial court shall employ the fairly debatable rule in reviewing the County's action.
Inasmuch as the fairly debatable standard is to be employed in the instant case, the trial court further erred in entering the order appealed in that, in so doing, it improperly substituted its own judgment for that of the zoning authority. City of Miami Beach v. Lachman, supra; City of Miami Beach v. Wiesen, 86 So.2d 442 (Fla. 1956); Smith v. City of Miami Beach, 213 So.2d 281 (Fla. 3rd D.C.A. 1968). The ordinance in question is fairly debatable and, as such, the Commission's action in denying the request for rezoning should have been sustained.
The trial court's finding that the ordinance in question created an avigational easement and a taking of real property is also erroneous under the facts of the instant case. There can be no question of the incompatibility of residential development in close proximity to an airport. Burritt v. Harris, 172 So.2d 820 (Fla. 1965); City of Jacksonville v. Schumann, 167 So.2d 95 (Fla. 1st D.C.A. 1964); City of Jacksonville v. Schumann, 199 So.2d 727 (Fla. 1st D.C.A. 1967); Adams v. County of Dade, 335 So.2d 594 (Fla. 3rd D.C.A. 1976). It would be proper for the County, in the exercise of its *395 police power, to enact zoning ordinances denying intensification of habitation. Smith v. County of Santa Barbara, 243 Cal. App.2d 126, 52 Cal. Rptr. 292 (1966); Morse v. County of San Luis Obispo, 247 Cal. App.2d 600, 55 Cal. Rptr. 710 (1967). Our holding herein is limited only to the decision of the County to deny the appellee's request for residential zoning and should not be construed to deny the appellee relief by way of inverse condemnation or otherwise, if the County (by its zoning practice) deprives the appellee of any reasonable use of his property. Compare Kasser v. Dade County, 344 So.2d 928 (Fla. 3rd D.C.A. 1977).
Lastly, we are confronted with the question raised by the appellant herein, to the effect that the trial court's decision destroyed the so-called "Master Plan Concept", which directs development in logical patterns. We recognize that adoption of a comprehensive development is a current trend in land use planning in those areas where urban sprawl has become commonplace. Steel Hill Development, Inc. v. Town of Sanbornton, 469 F.2d 956 (1st Cir.1972); Construction Industry Association of Sonoma County v. City of Petaluma, 522 F.2d 897 (9th Cir.1975); Norbeck Village Joint Venture v. Montgomery County Council, 254 Md. 59, 254 A.2d 700 (1969); Golden v. Planning Board of the Town of Ramapo, 30 N.Y.2d 359, 334 N.Y.S.2d 138, 285 N.E.2d 291; Section 163.3161 et seq. Florida Statutes, 1975. However, the trial judge's ruling herein was premature; there has been no showing by the appellee that his property cannot be put to a reasonable use compatible with the master plan. Furthermore, there has been no showing that the master plan is so inflexible so as to constitute County action precluding the appellee from any and all reasonable present or future use of his property. Until such time as these questions have been properly presented and litigated, we feel constrained to uphold the validity of the master plan as it applies to the specific property involved herein. Certainly, when we have found the present zoning on the appellee's property to be fairly debatable, it is not necessary to rule upon the validity of the master plan as it affects the appellee's property. Therefore, the trial court erred in finding (under the facts of the instant case) that the master plan was confiscatory as it applied to the appellee's property.
Based on the foregoing, the trial court is hereby reversed and the cause is remanded to the trial court, with directions to deny the petition for writ of certiorari.
Reversed and remanded, with directions.