358 So.2d 873 (1978)
EASTSIDE PROPERTIES, INC., a Florida Corporation, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 77-1820.
District Court of Appeal of Florida, Third District.
May 16, 1978.
Milledge & Hermelee and Earl G. Gallop, Miami, for appellant.
Stuart Simon, County Atty. and Robert A. Ginsburg, Asst. County Atty., for appellee.
Before HENDRY, J., and CHARLES CARROLL (Ret.) and PARKER, J. GWYNN, (Ret.), Associate Judges.
PER CURIAM.
Appellant applied to Dade County for rezoning classification of two adjoining parcels of land, from single family residential to that which would permit townhouse development (for one eighteen acre portion) and permit a community shopping center (on the other portion comprising thirty-one acres). The County Commission denied the requested rezoning, but liberalized the zoning of the thirty-one acre tract to permit townhouses thereon. The applicant for the rezoning sought review by certiorari in the circuit court. A judgment was entered denying certiorari, and this appeal followed.
Appellant argues that its proposed development of its property is consistent with the County's comprehensive development master plan and is compatible with surrounding land uses. Secondly, appellant argues that the County's professional staff determined that adequate services are available to, and that no off-site impacts result from, the proposed development. Third, appellant contends that gauged by conventional zoning concepts, the zoning placed on the property by the County is without any foundation and is punitive, arbitrary and unreasonable.
Those questions were considered by the circuit court in the review there of the action of the County Commission. The reassertion of these contentions here represents an attempt to have a second appeal. Basically, the circuit court determined and held that the question dealt with by the County Commission was one that was fairly debatable.
The judgment of the circuit court, which reveals careful and thorough consideration of the relevant facts and the applicable law, after stating the action taken by the Commission on the rezoning application, was as follows:

*874 "The subject property is unimproved real property consisting of a total of 49.341 acres in southwest Dade County, Florida, in the vicinity of Killian Drive and the West Dade Extension of the Florida Turnpike. The Court has considered the record herein and the briefs and oral argument of counsel.
"The hearing before the County Commission focused primarily on two issues:
"1. Whether the proposed community shopping center was needed within the community it is designed to serve;
"2. Whether the proposed community shopping center would be properly located on the subject property considering the surrounding community development.
"1. Need for the Proposed Shopping Center. Petitioner sought to establish the need for the proposed shopping center by relying upon an economic analysis which concluded that the shopping center would be economically feasible according to national standards. The Petitioner's report is dated April, 1975, a year and a half prior to the hearing before the County Commission and more than two years prior to the hearing before this Court. The figures in the report have not been updated. The report restricts itself to analyzing shopping centers within a three mile radius of the proposed project. The Dade County Planning Department has identified 13 shopping center sites in the same three mile area. In addition to the sites enumerated in its report, the Planning Department in its presentation to the Commission also identified the nearby Briar Bay Shopping Center located on Southwest 136 Street west of South Dixie Highway. The record also indicates that if the radius were extended one additional mile, it would include both the 80 acre Dadeland Regional Shopping Center as well as the Sunniland Shopping Center extending south on Dixie Highway from Killian Drive.
"Thus, the Board of County Commissioners was presented with conflicting testimony on the need for additional commercial shopping centers to serve the residential community surrounding the subject property. The failure of the Petitioner to use current figures or to include within its study, the impact of Dadeland, Sunniland and Briar Bay makes this issue fairly debatable.
"2. Character of Neighborhood. Petitioner placed major emphasis upon its location between the Turnpike on the west and Woodlawn Cemetery to the east. The subject location does not mandate commercial rather than residential zoning. The record indicates that the Turnpike is well buffered in this location and would be compatible with residential zoning. Petitioner's reliance upon a cemetery property is misplaced. According to the Dade County Code, such property exists as a special exception in the Interim (GU) Zone and is not to be used to justify more intensive use for adjacent property.
"The subject property does abut liberal business zoning on its narrow southern extremity but with that exception, it is surrounded by various classifications of residential zoning and uses. Killian Drive is wholly residential from Dixie Highway on the east to the subject property on the west. The existing commercial areas are located on Dixie Highway, Kendall Drive and to the south of the subject property on major thoroughfares  not in the heart of the residential community.
"The County's professional staff strongly objected to the location of the proposed community shopping center and termed it a nuisance in terms of traffic generation, noise, congestion, air pollution and glaring lights. Their recommendations are probative to support the fairly debatable action of the County Commission.
"The appropriateness of the subject property for the proposed commercial use was strongly contested before the County Commission and the Court finds and determines that this issue was fairly debatable.
"Finally, the Petitioner failed to establish that residential uses for the subject *875 property would deprive it of the economic benefit from its ownership of the property. Petitioner, as noted above, presented the County Commission with extensive economic analysis and research designed to establish the economic viability of a commercial shopping center. This was not done regarding possible residential use. Therefore, in light of the legal principles enunciated above, the Petitioner has failed to carry its burden of proof in establishing the illegality of either the existing zoning classification or other residential zoning classifications which may be available to it.
"Petitioner's argument that the quasi-judicial procedure reviewable in Circuit Court by certiorari constitutes a denial of due process is without merit. Marca v. Dade County, 326 So.2d 183 (Fla. 3d DCA 1976) [Dade County v. Marca, S.A., 326 So.2d 183 (Fla. 1976)]; Dade County v. Yumbo, S.A., 348 So.2d 392 (Fla. 3d DCA 1977).
"In conclusion, economic feasibility is not the legal standard for review of zoning decisions by the Board of County Commissioners, nor is it necessarily synonymous with the public need. The Court will defer to governmental judgments concerning proper land use allocation unless they are shown to be arbitrary and capricious and fail to be grounded in the public health, safety and welfare. For all the reasons stated above, the Petitioner has failed to carry its extraordinary burden of proof in this regard. It is accordingly
ORDERED and ADJUDGED as follows:
"1. The Petition for Writ of Certiorari be and the same is hereby denied.
"2. Dade County Zoning Resolution No. Z-233-76 be and the same is hereby upheld as valid and constitutional as applied to the subject property."
We find need to add little to the disposition of the matter by the circuit court as revealed above. Review of such action by the County Commission is by petition for certiorari in the circuit court as provided by Section 33-316 of the Code of Metropolitan Dade County. Such review is restricted to the record as made before the County Commission. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957); Dade County v. Marca, S.A., supra, 326 So.2d 183 (Fla. 1976). In the circuit court judgment, the court regarded as being without merit the petitioner's argument that such a restricted review, limited to the record of the proceedings before the County Commission, was lacking in due process because the Commission's decision was the result of quasi-judicial action. That argument was repeated here. We hold it is without merit. The proceeding before the County Commission was not quasi-judicial. It was legislative. The action of a governing body of a county or municipality in amending its comprehensive zoning ordinance is legislative action as distinguished from quasi-judicial action. Schauer v. City of Miami Beach, 112 So.2d 838 (Fla. 1959). No want of due process was shown. We hold that the circuit court correctly found that the challenged legislative action of the County Commission was the result of its decision of a matter that was fairly debatable. See Dade County v. Yumbo, S.A., 348 So.2d 392 (Fla. 3d DCA 1977).
Judgment affirmed.