548 So.2d 1156 (1989)
FIRST CITY SAVINGS CORPORATION OF TEXAS, Etc., and Orange County, Florida, etc. Petitioners,
v.
S & B PARTNERS, et al., Respondents.
Nos. 89-511, 89-529.
District Court of Appeal of Florida, Fifth District.
August 10, 1989.
Rehearing Denied September 18, 1989.
Robert C. Wilkins, Jr., and Davisson F. Dunlap of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for petitioner First City Sav. Corp. of Texas.
Harry A. Stewart, County Atty., and Joel D. Prinsell, Asst. County Atty., Orlando, for petitioner Orange County.
Steven R. Bechtel and Clay H. Coward, of Mateer, Harbert & Bates, P.A., Orlando, for respondents.
DAUKSCH, Judge.
This is before the court upon a petition for writ of certiorari to review a decision of the circuit court which quashed Orange County's approval of a rezoning application. We issue the writ and quash the order.
Florida Land Company and First City Savings sought a rezoning of their properties in "Orangewood East." The rezoning would permit more commercial use of the land. The county planning staff recommended approval but the planning and zoning commission denied it. The owners *1157 sought review by the county commission and there won approval.
Respondents, S & B Partners and George Barley (hereinafter referred to as "S & B Partners") then sought review by filing a petition for writ of certiorari from the circuit court. This is a proper method of review but the scope of review is limited in certiorari.
In DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957) it was held:
In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law. It is clear that certiorari is in the nature of an appellate process.
This was quoted in Dade County v. Marca, S.A., 326 So.2d 183 (Fla. 1976) and has not been altered since. See also Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940 (Fla. 5th DCA 1988); Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989).
In Education Development Center it is held that the duty of this court in reviewing the circuit court in these matters "has only two discrete components." Quoting from City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982) it said:
The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
So, we have considered the decision of the circuit court and find that it did not apply the correct law. The principal problem with the circuit court order is that it concerned itself with matters not raised in the county commission proceedings. S & B Partners raised two arguments in their petition for writ of certiorari in the circuit court. First, it was argued that the record did not indicate that the applicant, Florida Land Company, had been provided with written authorization by First City Savings Corporation of Texas to act as its agent in filing the application. S & B Partners argued that this constituted a violation of section 37-10, Orange County Code, which provides that proposed changes to zoning classifications may be suggested by a property owner or his agent who is authorized in writing to act as agent. Second, S & B Partners argued in the circuit court that the rezoning was inconsistent with the county's growth management policy.
Neither of these two arguments were raised by S & B Partners or George Barley at the hearing before the county commission. The attorney for Barley appeared briefly at the county commission hearing and voiced concerns about the road network within the planned development. Barley's attorney did not object to the rezoning application because of the lack of written authorization for Florida Land to act as First City's agent, and did not object to the rezoning application because of its inconsistency with the county's growth management policy. As a matter of fact, nobody at the county commission hearing objected to the rezoning application for these reasons. Nevertheless, the circuit court issued the writ of certiorari quashing the rezoning based on the arguments presented for the first time in the circuit court. The circuit court held that the Orange County records failed to show that Florida Land was the owner of the land described in that application or that applicant was authorized in writing to act as an agent on behalf of First City. The circuit court also held that the record before it did not show that the action taken by the county commission was consistent with the county's growth management policy.
Certiorari review of zoning decisions in Orange County is by statutory certiorari. Section 37-16 of the Orange County Code (which codifies a special act of the Florida Legislature) states that any person aggrieved by a decision of the county commission may file a petition for writ of certiorari in the circuit court, and specifically *1158 states that this certiorari proceeding shall not be a trial de novo. See also Chapter 63-1716, section 16, Laws of Florida.
In a common-law certiorari proceeding to review a zoning decision, a circuit court is restricted solely to the record of the proceeding conducted by the zoning authority. See Dade County v. Marca, S.A., 326 So.2d 183 (Fla. 1976); Fort Lauderdale Board of Adjustment v. Nash, 413 So.2d 855 (Fla. 4th DCA 1982). Orange County's statutory certiorari also provides for a limited review of the county commission's zoning decisions since a trial de novo is prohibited. As long as due process is afforded, the circuit court in a certiorari proceeding should not fault the zoning authority for refusing to consider issues which were not properly presented before it at the public hearing. If S & B Partners had raised before the county commission the issue concerning the lack of written authorization, the owners perhaps would have been able to correct this technical oversight and include in the record a written authorization from First City Savings. Or perhaps the county commission would have waived this procedural requirement since a representative of First City Savings, Mike Gore, appeared at the county commission hearing.
Likewise, S & B Partners should have presented before the county commission their argument that the rezoning application was inconsistent with the county's growth management policy. The staff report submitted to the Orange County Planning and Zoning Commission stated only that the land uses proposed by the rezoning application would be inconsistent with the future land use policy guide map designations. The staff report noted that if the rezoning application were to be approved, a change to the future land use policy guide map would be required by the Planning and Zoning Commission and the Board of County Commissioners. If S & B Partners had presented this aspect of the staff's report to the county commission, the county commission might have amended the future land use policy guide map at the hearing. S & B Partners could have then argued that this amendment to the map would not be sufficient because the rezoning application would require an amendment to the entire growth management policy, and amending the policy is a much more difficult process that cannot be accomplished at one hearing. See section 163.3184, Florida Statutes (1987). However, S & B Partners "sandbagged" the county commission by raising this issue for the first time in the circuit court certiorari proceeding.
This case is similar to Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940 (Fla. 5th DCA 1988). In that case, this court held that the circuit court improperly considered issues which were not presented before the zoning authority. The circuit court in that case like the circuit court in the instant case quashed a decision of the Orange County Board of County Commissioners to grant a rezoning application. In Battaglia, one of the petitioners in the circuit court, the City of Maitland, did not appear at the county commission hearing to voice objections to the rezoning application. Instead, the City of Maitland filed a petition for writ of certiorari in the circuit court, alleged that certain of its interests were affected by the rezoning application, and argued that the rezoning application was inconsistent with Orange County's growth management policy. This court held that the circuit court should not have considered the issue of whether the rezoning application was consistent with Orange County's growth management policy because the City of Maitland had not appeared before the county commission at the public hearing and demonstrated that it had standing to raise the issue.[1] Because the circuit court in the instant case failed to apply the correct law and considered issues that were not presented before the county commission, we grant the petition and issue the writ of certiorari. We remand for entry of an order denying certiorari.
*1159 WRIT ISSUED; ORDER QUASHED; REMANDED.
DANIEL, C.J., and COBB, J., concur.
NOTES
[1] This court also held that the circuit court improperly considered the other petition filed by the Maitland Association of Homeowners because the Maitland Association did not timely invoke the jurisdiction of the circuit court.