RAMIREZ, J.
Petitioner The City of Miami Beach seeks a writ of prohibition to quash an order granting respondent East Coastline Development’s (“ECD”) Motion to Abate, and seeks certiorari review of an order denying the City’s Motion to Dismiss. We grant the relief requested.
On April 6, 2001, ECD filed two applications with the City of Miami Beach Planning Department seeking amendments to the City’s comprehensive plan for ECD’s 3.4 acre parcel of land, the “Alaska Parcel,” located on the southern tip of Miami Beach, Florida. The first application sought an amendment to the City’s Comprehensive Plan which would re-designate ECD’s property from a Marine Recreation designation (MR) to a Commercial Intensive Mixed Use designation (CPS-3). The nfew designation would permit residential, commercial and office development, or a mixture of these; The second application sought a rezoning of ECD’s property based on ECD’s anticipated success in obtaining the amendment to the City’s Comprehensive Plan. The City Commission denied both of ECD’s applications.
ECD filed a complaint against the City in which it challenged the denial of its proposed comprehensive plan amendments. On the same day, ECD sought certiorari review of the City’s denial of its rezoning application, and also' moved to abate its certiorari petition" until the disposition of the original circuit court action. In its response to ECD’s Motion to Abate; the City moved to dismiss the petition. The trial court granted ECD’s Motion to Abate and denied the City’s Motion to Dismiss. The disposition of ECD’s complaint against the City is currently pending in federal court.
The trial court should have dismissed ECD’s petition because ECD cannot state a basis for relief until it succeeds in amending the comprehensive plan. See Board of County Comm’rs. v. Snyder, 627 So.2d 469, 476 (Fla.1993) (landowner has burden of proving that proposed rezoning is consistent with the ' comprehensive plan). ECD argues that the case was properly abated until such time as it prevails in its federal suit to amend the cóm-prehensive plan, at which point ECD will have a basis for relief. ECD proposes, therefore, to circumvent present judicial review of the denial of its rezoning application pending a supplementation of the record in the certiorari proceeding below *900 with the disposition of the federal court action. Abatement of certiorari review of zoning decisions based on a matter outside the record is contrary to Florida law.
Certiorari proceedings to review zoning decisions limits the reviewing court’s scope of review strictly and solely to the record of proceedings before the City Commissioners. See Dade County v. Marca, S.A., 326 So.2d 183, 184 (Fla.1976); Hillsborough County v. Public Employees Relations Comm’n, 424 So.2d 132, 134 (Fla. 1st DCA 1982). This Court merely examines the record presented to the trial court to determine whether the court had before it competent and substantial evidence to support its findings. See Marca, 326 So.2d at 184.
When thg City Commission denied ECD’s application to amend the comprehensive plan, the Commission could not have legally rezoned the property, to the proposed use because the proposed use would have been inconsistent with the current comprehensive, plan. The current comprehensive plan designated the property as MR and the proposed designation was CPS-3. If ECD succeeds in the federal court action to amend the comprehensive plan, ECD can file a new rezoning application and the City Commission could then review the application in light of the amended comprehensive plan.
For the foregoing reasons, we conclude that the trial court departed from the essential requirements of the law. Thus, we quash the order granting ECD’s Motion to Abate and reverse the order denying the City’s Motion to Dismiss.