985 So.2d 1178 (2008)
M.B., Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.
No. 3D08-1364.
District Court of Appeal of Florida, Third District.
July 2, 2008.
Joseph P. George, Jr., Criminal Conflict and Civil Regional Counsel, Third Region of Florida, and Mark Graham Hanson and Nekishia Lester, Assistant Regional Counsels, for petitioner.
Karla Perkins, Miami, for respondent.
Before RAMIREZ, and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
This is a petition for a writ of certiorari to review an order removing the minor child, D.B., from the custody and care of his mother, the petitioner, and placing the minor child in a shelter, pursuant to section 39.402, Florida Statutes, entered by the Circuit Court on April 30, 2008.
The respondent, the Department of Children and Family Services, filed a shelter petition alleging that D.B. was twelve years old, that the Department had received a report that M.B. and her son, D.B., had come to Florida from New York without any money and without "any place to go." The Department alleged that M.B. told the Department that M.B. had applied for public assistance in New York but was denied that, "due to not being able to work," and that M.B. said that she had been told that if she moved to Florida she would be given funds to move into an apartment, and that this was why she came to Florida. The Department alleged that M.B. did not know the whereabouts of D.B.'s father.
The Department also asserted in the petition that it "has great concerns for the child as the mother has no means to support her child and can not provide shelter as well." The form petition also had a check mark in a box next to pre-printed language in paragraph 4(B) that no services *1179 were provided to M.B. and D.B. to make it possible for D.B. to remain in his (or a) home with M.B., because the Department believed that D.B. "faced imminent danger and could not be protected from this danger" without removal to a shelter.
On April 30, 2008, the Circuit Court held a hearing on the Department's petition for a shelter order. The only witness who testified at the hearing was M.B., and the only other evidence in addition to M.B.'s testimony was the Department's sworn shelter petition. At the hearing, M.B. admitted that she had come to Miami from New York with her son; that she had been receiving (and still needed) public assistance or welfare; and that she had come to Miami with only about three hundred dollars. She acknowledged that she did not actually have a place to stay on April 28, her first night in Florida but had since then secured a place to stay, and she asked that D.B. be returned to her. The judge found probable cause to warrant the continued shelter of D.B., and that "we're not going to have twelve-year-old children sleeping, not sleeping, getting dragged around the city of Miami." The court entered a dependency shelter order continuing the placement of D.B. in a shelter. This order states that allowing D.B. to remain with his mother M.B. would be contrary to D.B.'s welfare because M.B. "has no shelter" for D.B. and the M.B. was "currently homeless."
The shelter order departs from the essential requirements of law because: (1) the only grounds for it was that M.B. was homeless; (2) the evidence showed that M.B.'s homelessness was for only one night, that M.B. had tried to find shelter for that night, and that her inability to do so was due only to her financial situation; and (3) no evidence showed that the Department (or anyone else) offered any services to M.B., in an effort to eliminate the need for the removal and placement in a shelter of M.B.'s minor son. In Brown v. Feaver, 726 So.2d 322 (Fla. 3d DCA 1999), we stated that "[h]omelessness, derived solely from a custodian's financial inability" does not constitute the kind or level of "abuse, neglect, or abandonment" necessary to justify the removal of a child, unless the Department of Children and Family Services "offers services to the homeless custodian and those services are rejected." Id. at 324.
In response to the petition, the Department has presented us with evidence gathered during its subsequent investigation. In Dade County v. Marca, S.A., 326 So.2d 183 (Fla.1976), the court stated that the "well established rule applicable to this certiorari proceeding [is] that the reviewing court's consideration shall be confined strictly and solely to the record of proceedings...." Id. at 184 [citing De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957) ("In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law.") ]. We are thus compelled to disregard the evidence uncovered in the Department's subsequent investigation.
For the foregoing reasons, we hereby grant the petition, quash the shelter order entered on April 30, 2008, and remand to the Circuit Court with directions to allow the minor child, D.B., to be returned to the custody and care of his mother, the petitioner.