PER CURIAM.
 

 P.U., the mother, has filed a petition for writ of certiorari seeking to quash a shelter order. We grant the petition, concluding that the evidence was insufficient to justify removing the mother’s child from her care and custody and placing the child in shelter care.
 

 
 *707
 
 Section 39.402(l)(a), Florida Statutes (2009), permits the removal of a child and placement of the child in shelter care if there is probable cause to believe that the child has been “abused, neglected, or abandoned, or is suffering from or is in imminent danger of illness or injury as a result of abuse, neglect, or abandonment.” Section 39.402(8)(d), Florida Statutes (2009), provides that, to continue the placement in shelter care, the Department of Children and Families must establish probable cause that reasonable grounds for removal exist, and that the provision of appropriate and available services will not eliminate the need for placement.
 

 Here, the Department did not establish probable cause under either subsection 39.402(l)(a) or (8)(d). The Department’s petition for dependency alleged that the mother and child were living with a friend, but a foreclosure caused them to move out. The mother and child then moved in with another friend. While there, a neighbor sexually abused the child. Despite those allegations, the Department, at the shelter hearing, presented no evidence that the mother could have, or should have, foreseen the incident. Further, the Department represented that the mother acted appropriately following the incident by reporting it immediately and moving from that residence to stay with other friends.
 

 Rather than focusing on the abuse allegations at the shelter hearing, the Department instead focused on the mother’s living situation with those other friends. The mother had been living with those other friends for two to three months at the time of the shelter hearing. The Department argued that a home study had not been performed to assess the suitability of that housing. However, the Department presented no evidence that this housing was unsuitable.
 

 The circuit court entered the shelter order, finding that P.U. failed to protect her child “from sexual abuse by failing to provide a safe suitable residence, despite the provision/attempt at services.” The court directed the Department to remove the child from the mother’s care and custody, and place the child in shelter care pending a home study of the mother’s current living situation.
 

 We conclude that the shelter order departs from the essential requirements of law. The Department failed to demonstrate probable cause that the mother abused, neglected, or abandoned the child, or failed to protect her from such, based on either the mother’s alleged failure to protect the child from sexual abuse, or the mother’s frequent moves. As a result, it was irrelevant whether the Department made reasonable efforts to provide available services or whether the mother allegedly rejected those services.
 
 See generally M.B. v. Dep’t of Children & Family Servs.,
 
 985 So.2d 1178, 1179 (Fla. 3d DCA 2008) (homelessness derived solely from custodian’s financial inability does not constitute “abuse, neglect, or abandonment” necessary to justify child’s removal, unless Department offers services, and custodian rejects those services) (citation omitted). Even if the Department had demonstrated probable cause, the record does not indicate that the Department made reasonable efforts to prevent or eliminate the need for removal or continued removal.
 

 Consequently, we grant the petition and quash the shelter order. We remand the case to the circuit court with directions for the Department to return the child to the mother’s custody and care.
 

 Petition granted.
 

 POLEN, MAY and GERBER, JJ., concur.